**Alden SKOGLUND and Delores Skoglund, Plaintiffs and Respondents,**

v.

**Vernnena STAAB, Defendant and Appellant.**

**No. 12155.**

Supreme Court of South Dakota.

Aug. 10, 1978.

E. Steeves Smith of Tinan, Padrnos, Smith & Saukerson, Mitchell, for plaintiffs and respondents.

Wally Eklund of Johnson, Johnson & Eklund, Gregory, William J. Srstka, Jr. of Duncan, Olinger, Srstka, Maher & Lovald, Pierre, for defendant and appellant.

WOLLMAN, Justice.

This is the second time these parties have been before this court. In *Staab v. Skoglund,* S.D., 234 N.W.2d 45, we remanded to the trial court for entry of judgment to the effect that an executory contract existed between the parties for the sale of the land in question. We refer to that opinion for a statement of the factual background giving rise to this dispute.

Perhaps in response to our gratuitous comment in that opinion that a subsequent law suit on the executory contract would no doubt result on remand, respondents,

vendees in the executory contract for deed, brought this action for specific performance against appellant, the vendor. Appellant alleged the defenses of breach of contract, statute of limitations, laches, and estoppel and counterclaimed for rescission and for damages arising out of respondents' unlawful possession of the land. The trial court interpreted our opinion in the earlier case, together with the judgment entered on remand, as finally determining the issue of the enforceability of the contract. Accordingly, the trial court denied appellant's offer of proof with respect to her defense that respondents had breached the payment provisions of the contract and entered judgment decreeing specific performance of the contract. We reverse and remand for trial on the issues raised in appellant's answer and counterclaim.

Respondents contend that the doctrine of res judicata bars appellant from litigating the issues raised in her answer and counterclaim. We do not agree. The general principles of the doctrine of res judicata were outlined by this court in *Keith v. Willers Truck Service*, 64 S.D. 274, 266 N.W. 256, as follows:

> First, a final judgment or decree of a court of competent jurisdiction upon the merits is a bar to any future action between the same parties or their privies upon the same cause of action so long as it remains unreversed; and, second, a point which was actually and directly in issue in a former action and was there judicially passed upon and determined by a domestic court of competent jurisdiction cannot be drawn in question in any future action between the same parties or their privies whether the cause of action in the two actions be identical or different. Black on Judgments (2d Ed.), vol. 2, § 504. Under the first rule the res which is judicata is the cause of action. Under the second, the res which may be judicata is the particular issue or fact common to both actions. 64 S.D. at 276, 266 N.W. at 257.

See also *Carr v. Preslar*, 73 S.D. 610, 47 N.W.2d 497, and *Raschke v. DeGraff*, 81 S.D. 291, 134 N.W.2d 294.

In *Golden v. Oahe Enterprises, Inc.*, S.D., 240 N.W.2d 102, and *Gottschalk v. South Dakota Real Estate Commission*, S.D., 264 N.W.2d 905, we held that the doctrine of res judicata was not applicable to bar the causes of action there involved because they were different from those litigated in the prior actions. Applying the test set forth in *Golden* and *Gottschalk*, we conclude that the same result should obtain here. As rather murkily raised by respondents' pleadings and trial motions in the first case, the issue that we held was raised and litigated before the trial court was whether there existed an enforceable executory contract for the sale of the land in question. This was the "right," to use the words of the *Golden v. Oahe Enterprises, Inc.*, and *Carr v. Preslar* cases, supra, that respondents sought to enforce in the first action. As we held in our earlier opinion in this case, respondents were not required to file a counterclaim for specific performance under the provisions of SDCL 15–6–13(a) in light of the procedural and factual aspects of the case. That being true, respondents are hardly in a position to argue here that appellant is now barred from raising defenses to a claim that would not properly have been tried in the procedural setting of the first case. Rather, we conclude that respondents' claim for specific performance constitutes a claim or cause of action different from their claim in the prior action and that under the principles expressed in the *Golden* and *Gottschalk* cases, supra, appellant's defenses should not have been foreclosed by the trial court. Our holding in the prior case that there existed an enforceable executory contract between the parties was intended to determine only that the contract contained the essential terms of the agreement between the parties and that it satisfied the requirements of our Statute of Frauds. Contrary to respondent's contention, we did not hold that respondents were entitled to a judgment that would in effect vest title in them. Had that been our holding, we would hardly have offered our prediction concerning probable future litigation between the parties.

Even if respondents were technically correct in their claim that appellant's defenses and counterclaim for rescission are barred by the doctrine of res judicata, we conclude that what was said by this court in *Carr v. Preslar,* supra, is applicable here:

> The doctrine of res judicata which Preslar would now employ to bar such a trial has been said to rest on two maxims, viz., "A man should not be twice vexed for the same cause" and "it is for the public good that there be an end to litigation." Freeman on Judgments, § 626; *Fayerweather v. Ritch,* 195 U.S. 276, 25 S.Ct. 58, 49 L.Ed. 193. To permit the present use of the doctrine does more than protect Mr. Preslar from being twice vexed. It makes it possible for him to succeed in defeating Carr and Krogman in their efforts to secure a fair opportunity to place their claim in litigation on its merits. In our opinion neither justice nor sound public policy would be served by such a ruling. 73 S.D. at 619, 47 N.W.2d at 502.

Likewise, to permit respondents to succeed in defeating appellant in her attempt to litigate her defenses to respondents' claim for specific performance, a claim that surfaced in only a barely recognizable form in the first instance, would ill serve the worthy goals that the doctrine of res judicata was designed to achieve.

The judgment is reversed, and the case is remanded to the circuit court for further action not inconsistent with the views expressed in this opinion.

All the Justices concur.