Leo UKEN, Plaintiff and Appellant,

v.

Orland SLOAT, Lyla Sloat, Melvin Boschee, Florence Boschee, John Ryan, Delores Ryan, Mrs. Jan Marks, and Richard Kusser, Defendants and Appellees.

No. 12915.

Supreme Court of South Dakota.

Argued April 23, 1980.

Decided Sept. 17, 1980.

---

Charles Rick Johnson of Johnson, Johnson & Eklund, Gregory, for plaintiff and appellant.

Dudley R. Herman of Herman & Wernke, Gregory, for defendants and appellees, Orland Sloat, Lyla Sloat, John Ryan, Mrs. Jan Marks and Richard Kusser.

Robert B. Anderson of May, Adam, Gerdes & Thompson, Pierre, for defendants and appellees, Melvin Boschee and Florence Boschee.

HENDERSON, Justice.

### PARTIES

Appellant Leo Uken brought suit in Hyde County against eight appellees, all school patrons of the Hyde County School District, namely: Orland Sloat, Lyla Sloat, Melvin Boschee, Florence Boschee, John Ryan, Delores Ryan, Mrs. Jan Marks, and Richard Kusser.

### ACTION

Appellant commenced an action seeking damages for alleged defamation by libel and slander. Appellees Melvin and Florence Boschee filed a joint motion for summary judgment and the remaining appellees filed a similar joint motion. Depositions were taken of all appellees and also of appellant. After receiving memorandum briefs from both parties and conducting a hearing, the trial court entered summary judgments in favor of all appellees. Appellant appeals from these judgments. We affirm.

### FACTS

Appellant, who was at the time superintendent of schools for the Hyde County School District, contends he was defamed stemming from events during January of 1978. Prior to that time, a number of parents with children enrolled in the Hyde County School system had received complaints, both first and second hand, from teachers and administrators regarding the operation of the school system and appellant's role in that operation.

Appellee Orland Sloat was concerned with the teachers' grievances in regards to appellant and the school system. In an effort to promote discussion on this topic, appellee Orland Sloat contacted a number of parents to meet at his residence on January 8, 1978. The group called themselves the "committee of eight." During the course of discussion at this meeting, which included three teachers, appellee Lyla Sloat took notes from whence a typewritten document was made. This document enumerated several specific instances of discord between appellant and the faculty. It also stated that appellant's "dictatorial attitude" and "harassment" toward teachers and school administrators resulted in "poor communication" and a high rate of faculty turnover. These factors, according to the document, were causing students within the school district to "suffer." This document was presented to the Hyde County School Board in an executive session on January 9, 1978.

In preparation for discussing their concerns with the school board on January 9, 1978, the "committee of eight" made sufficient copies of the document to distribute to concerned parents attending the meeting, as well as members of the school board. A copy was made for appellant, who was excluded from the executive session. All appellees took their copies with them after the meeting had finished and, according to appellee Orland Sloat, no copies were left lying around.

Immediately after the executive session of January 9, 1978, a general discussion took place between a group of parents and teachers. The teachers were present in the school building because of their concern with the school's operation and appellant's role therein. Appellee Lyla Sloat deposed that she had no recollection of any discussion with the teachers as to the specific concerns stated in the aforementioned document.

Appellant maintains that sometime during the evening, copies of the document were either shown or given to several teachers who were at the school. Also, appellant deposed that both principals of

the school, along with the school business manager, received copies of the document. Appellant claims that after the school board meeting, copies of the document were left lying around the school and that he personally picked up three of the copies. The circumstances of the situation prompted appellant to believe that the document or its contents achieved widespread circulation among the public. Appellant claims that the statements in the document were false and defamatory and damaged him professionally and personally.

Appellant concedes that the documents given to the school board during the executive session were privileged. He claims, however, that the communication by appellees Orland and Lyla Sloat to the other appellees, the discussion held at the Sloat residence on January 8, 1978, and receipt of the documents by the school principals, teachers, and business manager were publications of defamatory material which were not privileged.

## ISSUE

Was the trial court's order of summary judgment warranted under this set of facts as applied to SDCL 20–11–5?

## DECISION

■ In reviewing the trial court's order granting summary judgment, we premise our decision on the principle that affirmance of such a judgment is proper if there exists any basis which would support the trial court's ruling. *Maryland Casualty Company v. Delzer*, 283 N.W.2d 244 (S.D. 1979).

■ SDCL 20–11–5 states: "A privileged communication is one made: . . . (3) In a communication, without malice, to a person interested therein, by one who is also interested, or by one who stands in such relation to the person interested as to afford a reasonable ground for supposing the motive for the communication innocent, or who is requested by the person interested to give the information." Hence, a qualified privilege exists for a communication between interested individuals, if made without malice.

■ Our first line of inquiry, then, should be to determine if the communication involved was between interested individuals. The communication and/or discussion between appellees Orland and Lyla Sloat with the other six appellees and three teachers on January 8, 1978, involved parents of children who attended school in the district which employed appellant. It does not take an exercise in deep logic to conclude that parents of children attending school in a district under the supervision of appellant are "interested" individuals as regards appellant's effect on that school district. Further, the topics discussed by appellees and three teachers on January 8, 1978, as reflected in the document resulting from that meeting, dealt with appellant's actions and attitudes toward the school system and its employees. Appellees distributed to school patrons and members of the school board the document at the executive session of January 9, 1978. Appellant contends that certain teachers, the school business manager, and two principals also received copies of the document. These teachers and administrators had a legitimate and vested right to be concerned with the operation of the school district, which necessarily involved the performance of appellant. The parties at the January 9, 1978, meeting all are within the realm of "interested" individuals. We find all appellees interested in the communication herein involved.

■ Second, we must determine if the communication by appellees was made with malice. If so, appellees' qualified privilege under SDCL 20–11–5(3) is negated. SDCL 20–11–5 provides that: "In the cases provided for in subdivisions (3) and (4) of this section, malice is not inferred from the communication or publication." Appellant's complaint does set out general allegations of malice in an attempt to defeat appellees' qualified privilege. However, a specific showing of malice is required for purposes of raising a genuine issue of material fact, and this burden was not met by the complaint, deposition, or affidavit. *Hughes–Johnson Co. v. Dakota–Midland Hospital*, 86 S.D. 361, 195 N.W.2d 519 (1972); *see also* SDCL 15–6–56(e). Malice cannot be presumed; the party bearing this burden of proof must establish that there was a reckless disregard for the truth on the part of the accused. *Wollman v. Graff*, 287 N.W.2d 104 (S.D.1979). "The real test of whether a defendant's conduct is reckless so as to constitute actual malice is whether he 'in fact entertained serious doubts as to the truth of his publications.'" *Id.* at 106, citing *St. Amant v. Thompson*, 390 U.S. 727, 88 S.Ct. 1323, 20 L.Ed.2d 262 (1968). It does not appear that the meeting held on January 8, 1978, or the document resulting therefrom, contained any elements of malice, nor is there any indication of malice at the meetings and discussions which occurred on January 9, 1978.

We hold that appellees' communication was between interested individuals and made without malice. It would be preposterous to foreclose parents from discussing school affairs that vitally affect the welfare of their children. Therefore, we find appellees' communication privileged under SDCL 20–11–5(3). Appellant has raised other issues but our holding renders those contentions moot. The trial court's entry of the summary judgments was proper.

The judgments are affirmed.

All the Justices concur.