**Ann RUPLE, Plaintiff and Appellant,**

v.

**Carl WEINAUG, Individually and as City Manager for the City of Vermillion, a Municipal Corporation and the City of Vermillion, a Municipal Corporation, Defendants and Appellees.**

No. 13792.

Supreme Court of South Dakota.

Argued Nov. 16, 1982.

Decided Jan. 12, 1983.

Rehearing Denied Feb. 17, 1983.

C.E. Light of Light Law Offices, Jerry L. Pollard on brief, Yankton, for plaintiff and appellant.

Martin Weeks of Bogue, Weeks & Rusch, Vermillion, for defendants and appellees.

HENDERSON, Justice.

## ACTION

Appellant Ann Ruple filed her complaint averring that she was wrongfully dis-

charged from employment by appellee City of Vermillion and that appellee Weinaug, City Manager of Vermillion, had committed defamation, libel, and slander. Appellees filed a motion for summary judgment. Affidavits were submitted and a hearing held thereon. From a summary judgment granted on both causes of action, this appeal ensued. We affirm.

## FACTS

The City of Vermillion, South Dakota, an aldermanic municipality with a City Manager, created the position of City Finance Officer pursuant to SDCL 9–14–1. Appellant was hired for the new position and reappointed on April 20, 1981, at an annual salary of $17,000. Personnel and supervisory problems developed. Conflicts arose between appellant and city employees. Appellant disseminated confidential information from city personnel files and gossiped. She unnecessarily embarrassed fellow city employees by belittling their abilities. On one occasion, appellant removed from the City Manager's mailbox a memo from the Chief of Police and embarrassed the Chief by laughing at a misspelled word in his memo. Appellant hired an individual considered a security risk against clear orders not to hire this person from the City Manager.

The City Manager informed the Mayor of appellant's problems and the Mayor requested and received a written report from the City Manager. An investigation was conducted by the Mayor and he confirmed appellant's problems. A meeting was held between the appellant, the Mayor, and the City Manager to correct the problems. However, appellant was uncooperative and indicated she wanted the City Council to take up the matter.

A closed meeting of the City Council was held, wherein the City Manager's written report was submitted. Additionally, appellant presented her case. A decision was made to terminate appellant's employment. Appellant took the City Manager's written report to the editor of the *Vermillion Plain Talk* which led to a newspaper article based on the report. Appellees never provided the contents of the report to anyone other than City Council members and appellant.

## ISSUES

### I.

DID THE TRIAL COURT ERR IN GRANTING SUMMARY JUDGMENT ON APPELLANT'S CLAIM OF WRONGFUL DISCHARGE FROM EMPLOYMENT? WE HOLD THAT IT DID NOT.

### II.

DID THE TRIAL COURT ERR IN GRANTING SUMMARY JUDGMENT ON APPELLANT'S DEFAMATION, LIBEL, AND SLANDER CLAIMS? WE HOLD IN THE NEGATIVE.

### III.

DID APPELLANT'S VERIFIED COMPLAINT TOGETHER WITH HER AFFIDAVIT CONSTITUTE A SUFFICIENT RESPONSE UNDER SDCL 15–6–56(e)? UNDER THE PLEADINGS, WE HOLD IT WAS NOT.

## DECISION

### I.

Appellant contends that because she was hired at an annual salary, she was therefore hired for an annual term. SDCL 60–1–3 provides:

An employee is presumed to have been hired for such length of time as the parties adopt for the estimation of wages. A hiring at a yearly rate is presumed to be for one year; a hiring at a daily rate, for one day; a hiring by piece work, for no specified term.

Although this Court has yet to construe SDCL 60–1–3, the statute was interpreted in *Goodwyn v. Sencore, Inc.,* 389 F.Supp. 824 (D.S.D.1975). *Goodwyn* dealt with an employee who had an oral agreement to work for "a rate of $15,000 per year." *Id.* at 827. After being hired, the employee

was forced to agree to a trial period and then fired during the trial period. Nevertheless, the federal court was unconvinced that the annual employment presumption of SDCL 60–1–3 had been circumvented.

Although appellant admits that she was paid monthly, she correctly cites *Tretheway v. Tri-State Milling Company,* 54 S.D. 201, 222 N.W. 950 (1929), for the proposition that monthly payments of a yearly salary do not change the employment term to monthly. However, appellant does concede that SDCL 9–10–9 permits the governing body of Vermillion to remove the Finance Officer at any time so long as the removal is not wrongful.

Appellees advocate that appellant did not have a written employment contract and further argue that SDCL 60–1–3 simply creates a *presumption* of annual hiring which was overcome by the clear language of SDCL 9–10–9 which provides:

The auditor, attorney, library board of trustees, and the treasurer [*finance officer*] shall be appointed by the governing body and *may be removed at any time by such governing body.*

The auditor and the treasurer shall each appoint all deputies and employees in his office.

All other officers and employees, including all members of boards and commissions, except as otherwise provided by law, shall be appointed by the manager and may be removed by him. (Emphasis supplied.)

In sum and substance, appellees claim that SDCL 9–10–9, supported by general principles of municipal corporation law, precludes the City of Vermillion from hiring a Finance Officer on an annual basis. As set forth in 56 Am.Jur.2d *Municipal Corporations, Etc.* § 333 (1971):

It is not within the power of a municipal corporation, by ordinance or bylaw, either to extend or restrict a discretionary authority conferred on a municipal council by charter or statute in the matter of the removal of municipal officers. And it has been held that a power given by constitution or statute to remove an officer from office without notice or hearing may be exercised notwithstanding that by ordinance, bylaw, or order of appointment, an attempt has been made to fix a definite term of office for the officer, or to provide for notice and hearing in removal proceedings.

Therefore, SDCL 9–10–9 operates to remove the presumption of annual hiring embodied in SDCL 60–1–3. We hold that appellant's discharge was lawful in light of the specific authority of a municipality under SDCL 9–10–9.

Appellant further maintains that a genuine issue of fact exists. Appellees counter that they are entitled to a judgment as a matter of law. Our guidelines in reviewing summary judgments are drawn from SDCL 15–6–56(c) and *Wilson v. Great Northern Railway Company,* 83 S.D. 207, 157 N.W.2d 19 (1968). We have reviewed the pleadings and evidence in light of SDCL 15–6–56(c) and *Wilson.* We hold that summary judgment was properly entered as appellant's showing did not raise a genuine issue of material fact. We simply fail to see any evidence of wrongful discharge by appellees. Appellant Ruple failed to obey orders, hired employees when told not to and supervised poorly.

## II.

Appellant next asserts that summary judgment was unwarranted on her claims of defamation, libel, and slander. Appellant concedes that she must prove appellee Weinaug acted with actual malice, knowledge, or reckless disregard for the truth or falsity of his statements. We have addressed this issue in *Uken v. Sloat,* 296 N.W.2d 540 (S.D.1980), wherein a group of parents and teachers who were dissatisfied with their school superintendent, presented a document embodying their complaints at a school board meeting. In response to the superintendent's defamation action, we held:

In reviewing the trial court's order granting summary judgment, we premise our decision on the principle that affirmance of such a judgment is proper if there

exists any basis which would support the trial court's ruling. *Maryland Casualty Company v. Delzer*, 283 N.W.2d 244 (S.D. 1979).

\* \* \* \* \* \*

Second, we must determine if the communication by appellees was made with malice. If so, appellees' qualified privilege under SDCL 20–11–5(3) is negated. SDCL 20–11–5 provides that: "In the cases provided for in subdivisions (3) and (4) of this section, malice is not inferred from the communication or publication." Appellant's complaint does set out general allegations of malice in an attempt to defeat appellees' qualified privilege. However, a specific showing of malice is required for purposes of raising a genuine issue of material fact, and this burden was not met by the complaint, deposition, or affidavit. *Hughes-Johnson Co. v. Dakota-Midland Hospital*, 86 S.D. 361, 195 N.W.2d 519 (1972); *see also* SDCL 15–6–56(e). Malice cannot be presumed; the party bearing this burden of proof must establish that there was a reckless disregard for the truth on the part of the accused. *Wollman v. Graff*, 287 N.W.2d 104 (S.D.1979).

*Uken,* 296 N.W.2d at 542–43.

Appellee Weinaug asserts his communication was without malice and was made in the proper discharge of his official duty. We agree. Appellee Weinaug claims an absolute privilege under SDCL 20–11–5 which in relevant part provides:

A privileged communication is one made:

(1) In the proper discharge of an official duty;

\* \* \* \* \* \*

(3) In a communication, without malice, to a person interested therein, by one who is also interested, or by one who stands in such relation to the person interested as to afford a reasonable ground for supposing the motive for the communication innocent, or who is requested by the person interested to give the information[.]

For authority, appellee cites *Brech v. Seacat*, 84 S.D. 264, 170 N.W.2d 348 (1969) and *Hackworth v. Larson*, 83 S.D. 674, 165 N.W.2d 705 (1969).

*Hackworth* was a libel action brought by two state employees who were discharged by the Secretary of State. We find it on point. The Secretary of State had published reasons for the discharge to the Associated Press. We granted summary judgment holding:

Defendant Larson was a constitutional officer and the incident in question involved her duty of hiring and discharging the personnel of her office. Clearly, the release which she issued had a real relation to the general matters committed by law to her control and supervision. It has long been recognized that a defamatory statement issued by a public official in the proper discharge of his official duties is absolutely privileged.... The defense of absolute privilege or immunity under the law of defamation avoids all liability. In issuing the press release in question defendant Larson enjoyed absolute privilege even if it contained false or inaccurate statements, which we need not determine. Consequently, *discovery concerning the truth of the release or her purpose and state of mind in issuing it would be meaningless.* (Emphasis supplied.)

*Hackworth,* 83 S.D. at 682–83, 165 N.W.2d at 709. Although appellee Weinaug is not a constitutional officer, he stresses that SDCL 20–11–5 applies to all officers. Appellee additionally notes, and rightfully so, that under SDCL 9–10–13 and SDCL 9–10–15, he had supervisory control over the Finance Officer. Weinaug certainly was an officer and public official, who communicated in that capacity and was entitled to the protection of SDCL 20–11–5(1).

Appellees importantly point out that appellant, in her pleadings and affidavits, has not specifically denied the substance of appellee's communication. Appellant failed to show the trial court and has failed to convince us that appellee's statements were made with malice. Appellant's pleadings and evidence are comprised of conclusory

statements which are insufficient to create a material issue of fact. Lastly, appellee correctly brings to light that appellant, and only appellant, published the information to the local press. Summary judgment was appropriate on the defamation issue.

### III.

Appellant contends that her verified complaint and affidavit satisfied SDCL 15–6–56(e) which provides:

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in § 15–6–56, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in § 15–6–56, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

We examined SDCL 15–6–56(e) in *Hughes-Johnson Co. v. Dakota Midland Hospital,* 86 S.D. 361, 364, 195 N.W.2d 519, 520–21 (1972) and held:

To allow formal denials and conclusory pleadings to raise genuine issues against uncontradicted facts would nullify the utility of the rule.

The burden, of course, is on the moving party to show there are no genuine issues of material facts. However, SDCL 15–6–56(e) requires the opposing party to be diligent in resisting a motion for summary judgment, and mere general allegations and denials which do not set forth specific facts will not prevent the issuance of a judgment.

*Hackworth,* 83 S.D. at 687, 165 N.W.2d at 712, lends additional support in citing the following passage from *Durasteel Co. v. Great Lakes Steel Corp.,* 205 F.2d 438, 441 (8th Cir.1953):

"If it is made clearly to appear on such a motion that even though there is an issue under the pleadings there is in fact no dispute as to the controlling material facts, then the court should enter summary judgment."

█ We find nothing wrong in incorporating a verified complaint. It must, however, satisfy the requirements of SDCL 15–6–56(e). Here, appellant denied the truth of appellee's statements in a generalized conclusory manner. Facts must be met by facts, not by mere conclusions or denials. Specifically, appellant fails to deny disseminating confidential information, embarrassing the police chief, or hiring an individual against orders. Appellant simply provides an organizational chart and asserts appellee Weinaug was without supervisory authority over her position. On the other hand, appellee presents a statutory basis for his authority over appellant. SDCL 9–10–13; SDCL 9–10–15. Appellant's response did not create an issue of fact that had probative force as to a controlling issue. *See Runnels v. Rosendale,* 499 F.2d 733 (9th Cir.1974). Thus, appellant has failed to "set forth specific facts showing that there is a genuine issue for trial."

Affirmed.

All the Justices concur.