**Charles DOW, a/k/a Charles D. Dow,
Plaintiff and Appellee,**

v.

**Gerald NOBLE and Janet Noble,
Defendants and Appellants.**

**Nos. 14660, 14670.**

Supreme Court of South Dakota.

Argued March 6, 1985.

Decided Jan. 15, 1986.

Rehearing Denied Feb. 18, 1986.

Roy A. Wise of Richardson, Groseclose, Kornmann, Wyly, Wise & Klinkel, Aberdeen, for plaintiff and appellee.

Thomas M. Tobin of Maynes, Tonner, Maynes & Tobin, Aberdeen, for defendants and appellants.

MORGAN, Justice.

This is an action for foreclosure of a real estate contract under the provisions of SDCL ch. 21–50. The trial court entered judgment for the vendor, Charles Dow (Dow), and against vendees Gerald and Janet Noble (Nobles), cancelling and annulling the contract unless Nobles paid Dow the sum of $297,000 plus interest and attorney fees to be taxed by the court, costs to be taxed by the clerk. The judgment provided in the alternative for Dow to pay to Nobles $10,600 to finalize the judgment. Nobles appeal and Dow filed a notice of review. We affirm in part, reverse in part, and remand.

The contract for deed which is the subject of this action was entered into on April 8, 1981, for the sale and purchase of approximately 960 acres of land in Edmunds County, South Dakota, for the agreed sum of $432,000, payable in the following manner: $125,000 down, $10,000 annual payment March 1, 1982 through March 1, 1986, with a balloon payment on March 1, 1987, with interest on the unpaid principal at 9.5 percent per annum, payable on each principal payment date on the whole sum remaining from time to time unpaid.

Dow's complaint sought strict foreclosure of the contract and that the Nobles "be barred and foreclosed of all other rights ... under said contract for deed." The trial court decreed that Nobles were in default and barred and foreclosed any rights Nobles acquired under the contract unless they paid the balance due thereunder within thirteen days. Concluding that Nobles had some equity in the real property, the trial court balanced Nobles' equity against Dow's damages and expenses in recovering the land and concluded that from the monies expended by Nobles to prepare the land and seed it to winter wheat for the next year's crop, Dow should pay Nobles the sum of $10,600 or post bond for payment of such sum in order for the judgment to become final entitling Dow to immediate possession of the land and improvements.

Nobles appeal and question only (1) whether the trial court's award of costs and attorney fees was excessive and improper, and (2) whether the trial court equitably adjusted the parties' rights under SDCL 21–50–2.* Dow filed a notice of review and asserts that the trial court erred as a matter of law when it concluded that Nobles had any equitable interest in the real property.

Initially, Nobles claim the trial court erred in awarding Dow $4,000 for attorney fees and costs. Nobles claim that since the fees were generated in a bankruptcy action and not the foreclosure action, they are not properly awardable costs under SDCL 15–17–8 or SDCL 21–50–4.

If the $4,000 was awarded as statutory costs under SDCL 21–50–4, Nobles' argument would have merit. However, the trial court awarded judgment against Nobles in the alternative. They could either pay the balance due on the contract within thirteen days, or they would receive their $10,600 equity in the property and lose all other rights to it. The judgment made no other provisions for the taxation of attorney fees and costs.

█ The contested $4,000 in attorney fees were not awarded by the court as costs. They were instead included as part of the equities' balancing process. In *Prentice v. Classen*, 355 N.W.2d 352 (S.D. 1984), we noted that detriment suffered by the vendor is part of the balancing process in construing the validity of a liquidated damages clause in a foreclosure action. We believe that the vendors' detriment, including fees accrued in actions related to the property, also is properly part of the trial court's balancing process under SDCL 21–50–2. The trial court was not clearly erroneous in including the fees incurred in the bankruptcy proceeding as part of the detriment suffered by Dow. This is particularly appropriate in light of the fact that

* SDCL 21–50–2 reads, in pertinent part: "The court in such actions shall have the power to equitably adjust the rights of all the parties thereto[.]"

Nobles instituted the bankruptcy proceeding in an attempt to defeat this proceeding.

Nobles also contend that the trial court erred in balancing the equities under SDCL 21–50–2. They claim that the court erred in not considering the interest Nobles paid on the contract, and the increase in value to Dow of the down payment made by Nobles.

The trial court included the following computation in its balancing of the equities:

| | |
|---|---|
| Rent equivalent, 3 years, each $30.00 per acre | $ 86,400.00 |
| Less taxes, etc. | 6,000.00 |
| | $ 80,400.00 |
| 12½% loss in land value | 54,000.00 |
| Expenses to recover land—including attorney's fees | 13,900.00 |
| | $148,300.00 |
| Principal paid by defendants | $135,000.00 |
| Improvements—expenses to prepare and seed land to winter wheat | 23,900.00 |
| Total benefit to plaintiff | $158,900.00 |
| Less adjustment | 148,300.00 |
| Defendants' equity | $ 10,600.00 |

After making this finding, the trial court stated: "[T]his computation is less than precise, but [the court] is satisfied that it is equitable." With one exception, we agree.

■ The trial court included a rent equivalent of $86,400 in determining Dow's interest in the property. In determining Nobles' equity, while including the principal payments, the court failed to consider interest paid by Nobles of $25,935. In view of the fact Dow was credited with a full three-year rental equivalent, we believe Nobles' equity should include the interest payment.

■ Nobles provide no authority for their contention that they are entitled to an increase in the value of their down payment as part of their equity. We therefore hold the trial court was not clearly erroneous in not considering this item.

We finally examine Dow's claim that the trial court erred when it determined that Nobles had an equitable interest in the property. Dow contends that the doctrine of collateral estoppel bars the trial court's finding.

Subsequent to the commencement of this action, Nobles filed a petition for reorganization under Chapter 11 of the Federal Bankruptcy Code. Because of this filing, Dow's action in this case was halted pursuant to the automatic stay provisions of 11 U.S.C. § 362. Dow petitioned the bankruptcy court to lift the automatic stay, or in the alternative to require Nobles to accept or reject the contract and make current their payments under 11 U.S.C. § 365. The bankruptcy court, finding that Nobles had "little or no equity" in the property, granted Dow's alternative motions. Nobles failed to make current their payments within the time allotted, the stay was lifted pursuant to the bankruptcy court's order, and this action proceeded to trial.

Dow claims the order of the bankruptcy court, finding Nobles had little or no equity in the property, bars the trial court from finding Nobles have any equity under the doctrine of collateral estoppel. Collateral estoppel bars relitigation of an essential fact or issue involved in an earlier proceeding. *Staab v. Cameron*, 351 N.W.2d 463 (S.D.1984). This court has held four tests must be met before the doctrine can bar litigation of an issue: (1) Was the issue decided in the prior adjudication identical with the one presented in the action in question? (2) Was there a final judgment on the merits? (3) Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication? (4) Did the party against whom the plea is asserted have a full and fair opportunity to litigate the issue in a prior adjudication? *Staab, supra; Cook v. Rezek*, 296 N.W.2d 731 (S.D.1980).

The trial court determined that by using the language "little or no equity" the bankruptcy court conceded there could be some equity, and the fourth test set forth in *Cook, supra*, fails. The trial court then proceeded to balance the equities under SDCL 21–50–2.

■ We agree that the fourth test of *Cook, supra*, has not been met and the trial court was correct in refusing to apply the doctrine of collateral estoppel. The

bankruptcy court entered its order to allow Dow to proceed with this action. Its finding that Nobles had "little or no equity" in the property did not adjudicate the amount of that equity. *See, e.g., Roseberg v. Steen,* 363 N.W.2d 102 (Minn.App.1985); *Freehling v. MGIC Financial Corp.,* 437 So.2d 191 (Fla.App.1983). Even under the trial court's balancing, absent the improvements (seeded crop) in the amount of $23,900, Nobles would indeed have had no equity. However, adding the $25,935 interest payment to the trial court's $10,600 for a total of $36,535, Nobles' equity remains "little" in comparison to the $432,000 purchase price. We therefore hold the trial court was not precluded by collateral estoppel from adjusting the equities under SDCL 21–50–2.

We affirm in part, reverse in part, and remand with directions to include the $25,935 interest payment as part of Nobles' equity in the property.

All the Justices concur.

HERTZ, Circuit Judge, acting as a Supreme Court Justice, not participating.