DAKOTA SERVICES, INC., a
corporation, Plaintiff and
Appellant,

v.

WIEMAN LAND & AUCTION CO., and
Gary Wieman, Defendants and Third
Party Plaintiffs and Appellees,

v.

Patty ROHL, Third Party Defendant
and Fourth Party Plaintiff
and Appellee,

v.

Jerry ROHL, Fourth Party Defendant
and Appellant.

No. 15988.

Supreme Court of South Dakota.

Considered on Briefs May 27, 1988.

Decided Sept. 28, 1988.

John N. Gridley III, Sioux Falls, for plaintiff and appellant Dakota Services, Inc.

Dale L. Strasser, Freeman, for defendants and third party plaintiffs and appellees Wieman Land & Auction Co. & Gary Wieman.

Mary Lou Jorgensen, Sioux Falls, for third party defendant and fourth party plaintiff and appellee Patty Rohl.

Robert L. Jones, Sioux Falls, for fourth party defendant and appellant Jerry Rohl.

PER CURIAM.

## ACTION

Dakota Services, Inc. (Dakota) appeals a summary judgment granted to Wieman Land and Auction Co. (Wieman) and Patty Rohl (Patty) in Dakota's conversion action against Wieman. Wieman and Patty have filed motions for attorney's fees on appeal. We affirm summary judgment for Wieman and Patty and deny Wieman and Patty's motions for attorney's fees.

## FACTS

Dakota is a corporation owned and operated by Jerry Rohl (Jerry). Jerry and Patty were divorced in 1983. In their property settlement, incorporated into the divorce decree, Jerry received certain items of personal property, Dakota, and a second corporation he operated. Patty received the remaining property including her farm, all fixtures and property located thereon, the machinery, vehicles, buildings, crops and rents and profits. The only exception was a storage bin, the debt and ownership of which was assumed by Dakota. The property settlement provided that in the event the farm or any machinery or buildings thereon were sold, the net equity after costs of sale and indebtedness would be divided equally between Patty and Jerry.

Subsequent to the divorce, Patty retained Wieman to conduct an auction sale of the property on the farm. Following publication of the sale bill, Jerry sought an injunction to delay the auction on the basis that some of the property to be sold belonged to Dakota. After a hearing on Jerry's application, the circuit court entered an order exempting several items from the sale for the reason that they belonged to Jerry or Dakota. As to the balance of the property in issue, the circuit court found insufficient evidence that the same belonged to Jerry or Dakota and allowed the sale of the property to proceed as scheduled.

After the auction, Dakota commenced a conversion action against Wieman alleging that Wieman had wrongfully sold some of its property. Wieman brought a third party complaint against Patty for indemnifica-

tion. Patty brought a fourth party complaint against Jerry on the same theory.

In 1984, the trial court granted Wieman and Patty partial summary judgment. In 1987, Wieman and Patty renewed a joint motion for summary judgment which the trial court subsequently granted.

## ISSUE

Whether the trial court erred in granting Wieman and Patty summary judgment?

## DECISION

A summary judgment will be affirmed if there are no genuine issues of material fact and the legal questions have been correctly decided. *Bego v. Gordon,* 407 N.W.2d 801, 804 (S.D.1987). Dakota claims the conversion of its property by Wieman when Wieman, acting on Patty's behalf, conducted the auction of property on Patty's farm. For Dakota to prevail on its claim, it must be able to establish that Wieman exercised dominion or control over property sold at the auction in a manner repudiating or inconsistent with Dakota's rights in the property. *Rensch v. Riddle's Diamonds of Rapid City,* 393 N.W.2d 269, 271 (S.D. 1986) *citing Scherf v. Myers,* 258 N.W.2d 831, 834 (S.D.1977). Thus, the central issue of material fact in this matter is whether Dakota had property rights in any of the property sold at the auction. *Id.* We observe, however, that the issue of ownership of the property sold at the auction was adjudicated in two prior actions: Jerry and Patty's divorce action and Jerry's action to enjoin the auction.

The doctrine of collateral estoppel bars the relitigation of issues actually litigated in a prior proceeding. *Nelson v. Hawkeye Sec. Inc. Co.,* 369 N.W.2d 379, 381 (S.D. 1985); *Staab v. Cameron,* 351 N.W.2d 463, 465 (S.D.1984). Four tests must be met before collateral estoppel will bar relitigation of an essential fact or issue involved in an earlier suit: 1) Was the issue decided in the prior adjudication identical with the one presented in the action in question? 2) Was there a final judgment on the merits? 3) Was the party against

whom the plea is asserted a party or in privity with a party to the prior adjudication? 4) Did the party against whom the plea is asserted have a full and fair opportunity to litigate the issue in the prior adjudication? *Staab*, 351 N.W.2d at 465.

Applying the first test, identity of issues in the present action with issues adjudicated in prior actions, we find that the issue of Dakota's property rights in property sold at the auction is identical to issues determined in the divorce action and the injunction action. In Jerry and Patty's property settlement, Jerry and Dakota received certain items of property. The balance of the property, including machinery, vehicles and buildings went to Patty. All of the items of property Dakota now alleges Wieman converted fall into categories of property awarded to Patty in the property settlement. As to the injunction action, Jerry's basis for that action was that Dakota owned items of property Wieman intended to sell at the auction. In denying the injunction, the circuit court found insufficient evidence to indicate that any of the property to be sold (with several exceptions) belonged to Dakota. The present case merely involves relitigation of this same issue.

With reference to the second test, a previous judgment on the merits, we find two previous judgments on the merits of Dakota's property rights in property sold at the auction. Jerry and Patty's divorce decree, which divided property between Jerry and Patty, was a final and conclusive adjudication designed to finally settle the property rights of the parties. *Johansen v. Johansen*, 365 N.W.2d 859, 862 (S.D.1985). With reference to the injunction action, we again note that the circuit court found insufficient evidence that the property to be sold belonged to Dakota. It has been established that issues determined in injunctive actions may collaterally estop relitigation of the same issues in subsequent actions. *See Black Hills Jewelry Mfg. v. Felco Jewel Ind.*, 336 N.W.2d 153, 158 (S.D.1983).

In regard to the third test, privity of parties in the present action with parties in the prior action, we find that Dakota, the party against whom the plea of collateral estoppel is now asserted, was in privity with Jerry, a party to both the divorce action and the injunction action. Jerry was Dakota's president and manager and controlled and directed Dakota's affairs during both actions. Furthermore, Jerry raised Dakota's interests and took steps to protect its interests in both actions. Thus, little argument can be made that the privity requirement of collateral estoppel has not been met. We also note that Wieman, although not a party in the divorce action or injunction action, is nevertheless entitled to assert collateral estoppel against Dakota as a new defendant seeking to bar Dakota from reasserting issues previously litigated and lost on the merits against Patty. *Black Hills Jewelry*, 336 N.W.2d at 159.

Finally, applying the fourth test, opportunity to litigate an issue in prior adjudications, we find that Dakota has had not only one but two full and fair opportunities to litigate the issue of its property rights in property sold at the auction. In both the divorce action and the injunction action Dakota's interests in the property later sold at the auction were raised by Jerry and considered by the circuit court. Both proceedings afforded Dakota, acting through Jerry, ample opportunity to raise and prove its claims to the disputed property.

Based upon our application of the foregoing tests, we find no genuine issue of material fact in the present case concerning Dakota's property rights in the property Wieman sold at the auction. Application of the doctrine of collateral estoppel, resulting from previous adjudications in the divorce action and the injunction action, settles the issue that Dakota had no property rights in the property Wieman sold. Since Dakota had no property rights in the property allegedly converted by Wieman, Dakota cannot prevail in its conversion action. *Rensch*, 393 N.W.2d at 271; *Scherf*, 258 N.W.2d at 834. Summary judgment for Wieman and Patty was, therefore, appropriate as a matter of law. *Bego*, 407 N.W.2d at 804.

## ATTORNEY'S FEES

Attorney's fees are not recoverable in South Dakota unless they are specifically authorized by statute. *First Bank v. Haberer Dairy and Farm Equip.*, 412 N.W.2d 866, 874 (S.D.1987). "The authority to tax such costs should not be implied but must rest upon a clear legislative grant of power to do so." *Id. citing Lowe v. Steele Constr. Co.*, 368 N.W.2d 610, 615 (S.D.1985). Moreover, SDCL 15–17–7 specifically states that a court may allow attorney's fees as costs for a party to an action only in those cases where it is specifically provided for by statute. We find no statute authorizing an award of attorney's fees in an action such as this and Wieman and Patty cite none.

Accordingly, we affirm summary judgment for Wieman and Patty and deny their motions for attorney's fees on appeal.

SABERS, J., deeming himself disqualified did not participate in this decision.