## MICHAEL McKEE AND ANOTHER v.
## COUNTY OF RAMSEY.

245 N. W. 2d 460.

August 27, 1976—No. 46380.

*Paul Onkka*, Legal Assistance of Ramsey County, Inc., for appellants.

*William B. Randall*, County Attorney, and *Steven C. DeCoster*, Assistant County Attorney, for respondent.

Heard before Kelly, Yetka, and Scott, JJ., and considered and decided by the court en banc.

PER CURIAM.

Appeal from a judgment of the Ramsey County District Court entered pursuant to the court's order granting defendant's motion for judgment on the pleadings. We reverse.

On January 22, 1973, plaintiff Michael McKee addressed a letter to the Ramsey County Welfare Board seeking its approval of his request for reimbursement for the costs of the anticipated birth of his fourth child at a private hospital. Mr. McKee indicated that he and his wife objected to being lectured and subjected to abortion and birth control information (which they were required to receive on a prior occasion at the Maternity Infant Care Clinic at St. Paul-Ramsey Hospital) and thus were strongly opposed to returning there when the new baby was ex-

pected. Being indigent and recipients of general assistance, however, and aware that only at St. Paul-Ramsey Hospital would the costs of delivery be paid by the Ramsey County Welfare Department, Mr. McKee sought to obtain permission to have the child delivered at a private hospital where he and his wife felt they would not receive birth control information.

This request was denied by the board. Plaintiffs had the child delivered at St. Joseph's Hospital anyway and thereafter sought reimbursement from defendant for the costs of $1,158.67 incurred as a result of the birth. This request was also denied and the McKees sought an administrative appeal before the commissioner of public welfare on the grounds that the denial was in violation of the general assistance statute and attendant regulations. A hearing in July of 1973 was held and the ensuing decision upheld the denial of the McKees' request.

Thereafter, on October 11, 1974, plaintiffs initiated the action now before the court. That action set forth two claims. The first was that defendant had, through its agent James W. Edmunds, director of the Ramsey County Welfare Department, negligently failed to inform plaintiffs that they would not be subjected to discussions of family planning during Joyce McKee's pregnancy if she was to seek the care of the staff at St. Paul-Ramsey Hospital, and that as a result plaintiffs incurred expenses for the delivery of their child which would otherwise have been reimbursed by defendant. The basis of this claim was that plaintiffs' letter of January 22, 1973, was forwarded by Mr. Edmunds to Dr. Eric Hakanson who was the head physician of the Maternity Infant Care Clinic at St. Paul-Ramsey Hospital. Hakanson, in response, stated that he would personally take care of Mrs. McKee and assure that family planning would not be discussed with her. Mr. Edmunds failed to convey this assurance to the McKees even though the letter was received before the McKees' child was born on February 19, 1973. The second claim was that the refusal of defendant to permit reimbursement of the delivery expense of the plaintiffs' new baby incurred at a private hospital was in vio-

lation of their right to the equal protection of the laws in that general relief recipients were not allowed their full choice of medical vendor.

Since plaintiffs failed to appeal the decision to the district court within the period required by Minn. St. 1971, § 261.124, the trial court ruled that by failing to comply with the administrative appeal procedure, plaintiffs were barred from asserting any claims in the present action which could have been raised had the appeal been taken within the statutory period.

Thus, the issue is: May a complaint alleging negligent and unconstitutional acts in support of a claim for a money judgment be dismissed upon grounds that a timely appeal was not perfected from an administrative hearing decision involving the same facts but not addressing the same claims for relief?

It should be recognized that while plaintiffs' claims of negligence and violation of equal protection are, at best, tenuous, the merits of the action are not before this court on appeal. The trial court ordered judgment solely on plaintiffs' failure to avail themselves of the appellate process provided. The merits were not reached by the trial court, nor have the parties argued the merits in their respective briefs.

The trial court's ruling is grounded in principles of exhaustion of administrative remedies and res judicata.[1] Whether those principles were properly applied turns on whether the State Welfare Department and the commissioner of public welfare could have had jurisdiction to decide plaintiffs' constitutional and negligence claims, and grant the relief requested on those grounds. This is so for the reasons that (1) "where nothing can

---

[1] It is apparently recognized in the decisions of this court that res judicata will apply to administrative decisions where the agency acts in a judicial or quasi-judicial capacity, State ex rel. Turnbladh v. District Court, 259 Minn. 228, 107 N. W. 2d 307 (1960); see, Souden v. Hopkins Motor Sales, Inc. 289 Minn. 138, 182 N. W. 2d 668 (1971). One factor which apparently influences the decision to accord administrative decisions res judicata effect is the availability of judicial review, Roman Cleanser Co. v. Murphy, 386 Mich. 698, 194 N. W. 2d 704 (1972).

be accomplished by resort to administrative remedies, the doctrine of exhaustion of administrative remedies does not apply," Starkweather v. Blair, 245 Minn. 371, 395, 71 N. W. 2d 869, 884 (1955); and (2) res judicata will not operate as to those claims which were not raised and over which the administrative agency did not have jurisdiction. United States v. R. C. A. 358 U. S. 334, 352, 79 S. Ct. 457, 468, 3 L. ed. 2d 354, 366 (1959).

An administrative agency's jurisdiction, as we recognized in State ex rel. Spurck v. Civil Service Bd. 226 Minn. 253, 259, 32 N. W. 2d 583, 586 (1948), is limited and is dependent entirely upon the statute under which it operates.

"Jurisdiction of an administrative agency consists of the powers granted it by statute. Lack of statutory power betokens lack of jurisdiction. It is therefore well settled that a determination of an administrative agency is void and subject to collateral attack where it is made either without statutory power or in excess thereof."

See, generally, 2 Am. Jur. 2d, Administrative Law, § 328. Thus, as urged by plaintiffs, resort must be had to the statutory procedure for the administrative review of a political subdivision's decision as to the granting or denial of general relief.

The controlling statutory provisions are found in Minn. St. 1971, §§ 261.123 and 261.124.[2] Section 261.123 directed the commissioner, upon an aggrieved applicant's appeal of the political subdivision's determination, to "make such decision as to the granting of assistance and the amount and nature of assistance to be granted the applicant or recipient as in his opinion is justified and in conformity with *the provisions of this chapter.*" (Italics supplied.) Review in the district court pursuant to Minn. St. 1971, § 261.124 was limited to determining "whether the order of the commissioner of public welfare is fraudulent, arbi-

---

[2] Minn. St. 1971, §§ 261.123 and 261.124 have been repealed by L. 1973, c. 650, art. XXI, § 33, since this action arose and have been replaced by Minn. St. 256D.12.

trary, or unreasonable." A further limitation is found at the beginning of the section to the effect that the ground for appeal to the district court was that the commissioner's decision was not "in conformity" with §§ 261.01 to 261.12. Chapter 261 dealt generally with the responsibility of counties or towns for the poor, methods of raising revenue for their support, qualifications for relief, and the nature and extent of relief.

Granting that both the tort and administrative claims contemplate the same relief, i. e., recovery of maternity costs, c. 261 nevertheless did not, under any reading, comprehend the presentation of tort claims in the administrative proceedings. With respect to the constitutional claim, however, an argument can be made that it could have been presented. Plaintiffs contend that their equal protection claim is directed at the statute, and that an administrative agency may not consider the constitutionality of the statutes under which it operates.[3] The flaw in that contention, however, is that plaintiffs' claim, despite their protests to the contrary, is not directed at the statute but rather at its application by Ramsey County. The statute was silent as to choice of hospital.

While we recognize the authority supporting the submission of the issue of whether an administrative agency constitutionally applied its governing statutes, it is not clear to us that the same policies underlying that rule operate in the instant case.[4] Since the claim of negligence is one that was not contemplated to be

---

[3] See, Montana Chapter of Assn. of Civilian Technicians, Inc. v. Young, 514 F. 2d 1165 (9 Cir. 1975); Poe v. City of Baltimore, 241 Md. 303, 216 A. 2d 707 (1966); Roadway Express, Inc. v. Kingsley, 37 N. J. 136, 179 A. 2d 729 (1962); Dation v. Ford Motor Co. 314 Mich. 152, 22 N. W. 2d 252 (1946). See, generally, 3 Davis, Administrative Law, § 20.04.

[4] The apparent rationale underlying the rule is set forth in Poe v. City of Baltimore, 241 Md. 303, 311, 216 A. 2d 707, 711: "* * * If the courts took jurisdiction in the first instance, they would be transferring to themselves the responsibility which the legislative body placed upon the administrative agency. The courts would decide issues which might never arise if exhaustion of the administrative remedy were required."

within the purview of the statute and heard by an administrative tribunal and is one which must be litigated in a court of law in any event, it makes little sense to sever the claim of unconstitutionality and insist it first must be raised in the administrative tribunal, with the negligence case to be tried later in a separate action.

We therefore hold that the case must be remanded to district court for trial on both the issue of negligence and the claim of unconstitutionality.

Reversed and remanded.