In the Matter of the Appeal and Hearing from the Final Decision of the South Dakota Department of Labor, Unemployment Insurance Division, for Edward YAROCH, Appeal No. C–2686.

No. 13724.

Supreme Court of South Dakota.

Considered on Briefs Sept. 10, 1982.

Decided May 4, 1983.

Rehearing Denied June 6, 1983.

Joseph G. Rimlinger, East River Legal Services, Sioux Falls, for appellant, Edward Yaroch.

Julie M. Johnson, Sp. Asst. Atty. Gen., Aberdeen, for appellee, South Dakota Dept. of Labor.

MORGAN, Justice.

Appellant (employee) filed a claim of unemployment compensation benefits which claim was contested by his former employer The Austad Company (employer), a sporting goods supplier. After a hearing, employee was awarded benefits by the hearing examiner for the Department of Labor (Department). However, pursuant to SDCL 61–7–12, the Secretary of Labor (Secretary) made

additional findings on one issue not relevant to our decision here and entered conclusions diametrically opposed to the hearing examiner on all other issues and denied the employee benefits.[1] Employee appealed to the circuit court and now appeals from the decision of the circuit court, which affirmed the Secretary's denial of benefits. On the issue that this court decides, we hold the decision of the Secretary was not affected by any error of law and affirm the circuit court.

Employee was employed full time as a box packer and maintenance worker with employer on August 25, 1980. Employee had previously worked twelve weeks as a part-time employee. Employee was terminated February 25, 1981.[2] The employer complained that employee took too long to complete several assigned tasks such as shoveling snow, trimming bushes, chopping weeds, and changing lightbulbs. Some of these jobs never were completed. On appeal, employee contends that certain findings entered by the Secretary were clearly erroneous and that the Secretary committed error in the conclusions of law that were entered contrary to the hearing examiner's decision.

 The Secretary's decision concluded that employee was guilty of misconduct and should be disqualified from receiving unemployment insurance benefits. This is a conclusion of law arrived at by applying a rule of law. *Hartpence v. Youth Forestry Camp*, 325 N.W.2d 292 (S.D.1982). Because we have never before examined the meaning of the term "misconduct" used in SDCL 61–6–14,[3] we must first determine the correct rule to be applied in deciding whether misconduct occurred. In a leading case the Supreme Court of Wisconsin said,

> [M]isconduct [within the meaning of the unemployment compensation statutes] is limited to conduct evincing such wilful or wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer. On the other hand mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies or ordinary negligence in isolated instances, or good faith errors in judgment or discretion are not to be deemed 'misconduct' within the meaning of the statute.

---

1. The relevant portion of SDCL 61–7–12 provides:

 The secretary may on his own motion affirm, modify, or set aside any decision of an appeal referee on the basis of the evidence previously submitted in such case, or direct the taking of additional evidence, or may permit any of the parties to such decision to initiate further appeals before him.... Any decision of the secretary in the absence of an appeal therefrom as provided in § 61–7–14 shall become final ten days after the date of notification of mailing thereof.

 Hence, the "final" decision which we review on appeal is the Secretary of Labor's decision and not the hearing examiner or referee's decision. *See* SDCL 61–7–13; 3 K.C. Davis, Administrative Law Treatise § 14.19 (1980); 5 B. Mezines, J. Stein, J. Grubb, Administrative Law § 39.04 (1982); *cf.* SDCL 1–26–18.1 (a hearing examiner's proposed decision may be accepted, rejected or modified by the agency's decision; an appeal may be taken from the latter).

2. Employee was offered the option of resigning or being terminated. He chose to resign. The hearing examiner concluded: "The [employee's] separation from work was therefore, in fact, a discharge from employment by the employer." Secretary did not reserve this conclusion and it is not at issue before this court on this appeal.

3. The relevant portion of SDCL 61–6–14 provides:

 An unemployed individual who was discharged or suspended from his most recent employment, such employment being at least thirty calendar days in duration for misconduct connected with his work shall be denied benefits until he has been re-employed at least six calendar weeks in insured employment during his current benefit year and earned wages of not less than his weekly benefit amount in each of those six weeks.

*Boynton Cab Co. v. Neubeck,* 237 Wis. 249, 296 N.W. 636, 640 (1941); *see also, Detroit Gravure Corp. v. Michigan Emp. Security Comm'n.,* 366 Mich. 530, 115 N.W.2d 368 (1962); *Heilman v. United Dressed Beef Co.,* 273 N.W.2d 628 (Minn.1978); Annot.; 26 A.L.R.3d 1356 (1969); 76 Am.Jur.2d Unemployment Compensation § 52 (1975). This is generally the definition that the Department of Labor has used and we now adopt it.

■ The hearing examiner's findings detailed employee's alleged failures to perform satisfactory work. Though employee testified that his immediate supervisor had given approximately six "harsh ... full force commands ... to pick up the work," he complained he had "no idea" that his poor work could result in his termination. The hearing examiner found that the supervisor had advised employee to speed up his work. Employee should reasonably have been aware that he invited termination if he disregarded his supervisor's admonitions.

Without entering any further findings of fact on employee's poor work performance, the Secretary reversed the hearing examiner and concluded as follows:

> The poor performance demonstrated by the [employee] during his entire period of employment with the employer existed to such a degree as to constitute disregard of standards of behavior which the employer has the right to expect of his employee and shows a substantial disregard of the employer's interests and of the employee's duties and obligations to his employer.

Thus, the Secretary concluded that the employee's conduct amounted to misconduct. This conclusion was supported by the findings and no error of law has occurred. *See,* SDCL 1–26–36(4); *Hartpence v. Youth Forestry Camp, supra.*

Because we affirm the Secretary's decision on the basis of employee's misconduct, we find it unnecessary to examine the other issues.

The order is affirmed.

All the Justices concur.