In the Matter of the Appeal from the Final Decision of the South Dakota Department of Labor, Unemployment Insurance Division, for Lorraine JOHNSON. Appeal No. C–3031.

No. 13962.

Supreme Court of South Dakota.

Considered on Briefs March 25, 1983.

Decided Sept. 21, 1983.

Joseph G. Rimlinger, East River Legal Services, Sioux Falls, for appellant.

Julie Johnson, Unemployment Ins. Div., Aberdeen, for appellee, South Dakota Dept. of Labor.

James E. McMahon of Boyce, Murphy, McDowell & Greenfield, Sioux Falls, for appellee, Nelson Laboratories, Inc.

PER CURIAM.

A hearing examiner for the Department of Labor, Unemployment Insurance Division, determined appellant was disqualified from receiving a portion of unemployment compensation benefits because she was discharged from her employment for misconduct. The Secretary of the Department of Labor affirmed the hearing examiner. The trial court affirmed the Secretary. We affirm the trial court.

Appellant was a full time warehouse worker with Nelson Laboratories, Inc. from January 7, 1980, to March 4, 1982, when she was discharged. Although in 1981 appellant received the new job title of receiving clerk, she still was required to participate in the company's work rotation system in which each warehouse employee, except the foreman, worked in the repackaging room one day a week. Any employee who had other more important duties did not rotate into the repackaging room. One employee, Mike Whitrock, did not work in the repackaging room for the two weeks prior to appellant's discharge. He was a "picker" who picked ordered items and had less seniority than appellant. An officer for the company testified that Whitrock did not rotate because the company was busy at the time and his duties to pick orders had priority.

The rotation system was suspended for six months and then was reinstated. The reinstated rotation system had been operating for three to four weeks. Appellant concedes she refused to rotate into the repackaging room, but denies it was misconduct because other employees with less seniority, including Whitrock and the present foreman, were not required to work in the repackaging room. For these reasons appellant contends her refusal was justified.

The evidence does not support appellant's claim that she misunderstood her duties. *See* SDCL 1–26–36(5); *Matter of Johnson,* 337 N.W.2d 442 (S.D.1983). Other than giving appellant the new job title of "receiving clerk" the employer did nothing to justify any expectation that she was exempt from repackaging room duty. Appellant's unfulfilled expectations did not justify her refusal to follow her employer's practice.

There is likewise insufficient evidence to support appellant's claim that the omission of two employees from the rotation system was discriminatory or unfair. *Id.* Regardless of their seniority, the two omitted employees, Whitrock and the foreman, had different duties and this was a sound basis on which to exclude them from the rotation system.

This leaves us to determine the sole question of whether the appellant's isolated act of refusing to rotate into the repackaging room amounted to misconduct which would disqualify her from receiving unemployment compensation benefits. *In Matter of Yaroch,* 333 N.W.2d 448, 449 (S.D. 1983), we recently adopted a commonly accepted definition of the term "misconduct":

'[M]isconduct [within the meaning of the unemployment compensation statutes] is limited to conduct evincing such wilful or wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful in-

tent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer. . . .' *Boynton Cab Co. v. Neubeck,* 237 Wis. 249, 296 N.W. 636, 640 (1941).

No inflexible rule can be made specifying when a single incident amounts to misconduct. *Employment Security Bd. of Md. v. Lecates,* 218 Md. 202, 145 A.2d 840 (1958); 81 C.J.S. Social Security § 222, pp. 432, 433 (1977). Though appellant's conduct may have been only an isolated incident, it was also an "intentional and substantial disregard of . . . [her] duties and obligations to [her] employer." *Matter of Yaroch, supra.* She refused to undertake a work task requiring one full day. Accordingly, we affirm the conclusion that appellant was guilty of misconduct which disqualified her from receiving unemployment compensation benefits. *See* SDCL 61–6–14.

The judgment is affirmed.