**In the Matter of the APPEAL FROM the FINAL DECISION OF the SOUTH DAKOTA DEPARTMENT OF LABOR, UNEMPLOYMENT INSURANCE DIVISION FOR CARMEN WHITE, APPEAL NO. C–3046.**

**No. 14076.**

Supreme Court of South Dakota.

Considered on Briefs Sept. 14, 1983.

Decided Oct. 19, 1983.

Joseph Rimlinger, Executive Director, East River Legal Services, Sioux Falls, for appellant Carmen White.

Julie Johnson, Aberdeen, for appellee, South Dakota Dept. of Labor.

Glenn A. Fingerson of Fingerson & Severson, Huron, for appellee, Huron Nursing Home, Inc.

FOSHEIM, Chief Justice.

This is an appeal from a denial of unemployment compensation benefits for Carmen White (claimant). We reverse.

Claimant worked as a nurse's aid for Huron Nursing Home, Inc. of Huron, South Dakota (employer). One month after she began work, employer instituted a personnel rating system whereby employees accumulated points for absence, tardiness, and early departure from work. Employees who accumulated twenty points were discharged. Claimant accumulated 21½ points during her employment, twenty of which were assessed for absence due to illness. The referee found that she duly reported each illness in accordance with the requirements set forth in the personnel manual and that her absences were valid. Employer excused her from work on each of these days. She was discharged, however, when her point total exceeded the twenty-point limit.

Carmen White applied for unemployment insurance benefits and received an initial determination in her favor. The employer appealed. The appeal referee reversed the initial determination, concluding that because claimant had been discharged for misconduct within the meaning of SDCL 61–6–14 she was ineligible for benefits. The Secretary of Labor and the circuit court affirmed the decision of the appeal referee. The issue on appeal is whether a discharge as a result of absence due to illness is misconduct within the meaning of SDCL 61–6–14.

SDCL 61–6–14 provides that "[a]n unemployed individual who was discharged or suspended from his most recent employment . . . for misconduct connected with his work shall be denied benefits . . . ." We have embraced the standard definition of misconduct expressed in the leading Wisconsin case of *Boynton Cab Co. v. Neubeck,* 237 Wis. 249, 256, 296 N.W. 636, 640 (1941):

> [M]isconduct [within the meaning of the unemployment compensation statutes] is limited to conduct evincing such wilful or wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer. On the other hand mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies or ordinary negligence in isolated instances, or good faith errors in judgment or discretion are not to be deemed 'misconduct' within the meaning of the statute.

*Matter of Lorraine Johnson,* 338 N.W.2d 453, 454 (S.D.1983); *Matter of Yaroch,* 333 N.W.2d 448, 449 (S.D.1983). Claimant maintains that mere illness cannot evince "wilful or wanton disregard of an employer's interests." She equates it instead with "failure in good performance as the result of inability or incapacity," which, under *Boynton Cab,* does not constitute misconduct. We agree. While absence from work for illness may justify an employer in discharging an employee, such absence does not amount to willful misconduct precluding payment of unemployment compensation. *Kirk v. Cole,* 288 S.E.2d 547 (W.Va. 1982); *Schultz v. Herman's Furniture, Inc.,* 52 Ohio App.2d 161, 368 N.E.2d 1269 (1976); *Scevers v. Employment Division,* 26 Or.App. 659, 554 P.2d 575 (1976); *Crib Diaper Service v. Unemployment Compensation Board of Review,* 174 Pa.Super. 71, 98 A.2d 490 (1953); 81 C.J.S. Social Security and Public Welfare § 223 (1977).

The final decision of the Department of Labor is reversed and the matter remanded with instructions to reinstate the initial agency determination of eligibility.

Reversed and remanded.

All the Justices concur.