**Douglas WEATHERWAX, Plaintiff and Appellant,**

v.

**HILAND POTATO CHIP COMPANY OF SIOUX FALLS, Defendant and Appellee.**

No. 14656.

Supreme Court of South Dakota.

Considered on Briefs Jan. 7, 1985.

Decided July 31, 1985.

Robert J. Burns, Sioux Falls, for plaintiff and appellant.

Steven M. Johnson of Brady, Kabeiseman, Reade & Johnson, Yankton, for defendant and appellee.

HENDERSON, Justice.

This is a civil appeal filed by Douglas Weatherwax (Weatherwax), from an order granting Hiland Potato Chip Co. (Hiland) summary judgment on a complaint filed by Weatherwax for damages arising out of his employment with Hiland. We affirm.

Weatherwax was employed as a route salesman by Hiland from January 1, 1982, until July 5, 1983. Weatherwax's responsibilities included the sale, delivery, and stocking of Hiland products in various businesses on a designated route. Hiland had a strict set of rules for route salesmen concerning stale products and their return to Hiland.

On July 5, 1983, Weatherwax was fired for violating the rules and regulations concerning stale products in that he habitually failed to pick up stale potato chips and rotate fresh merchandise. After his termination, Weatherwax filed for, and was awarded, unemployment benefits. On August 5, 1983, Weatherwax, while his unemployment compensation administrative procedure was pending, filed suit against Hiland for wrongful discharge, to include punitive damages. Weatherwax's theory of damages is predicated upon Hiland terminating his employment without following the disciplinary procedures set forth in Hiland's handbook for employees.* Hiland appealed the South Dakota Department of Labor-Unemployment Insurance Division's initial award of unemployment benefits and after a full hearing on August 24, 1983, before an impartial hearing examiner from that Department, Hiland won a reversal of the award of benefits. The hearing examiner specifically found that Weatherwax had violated the rules concerning stale products, had sufficient notice of their violation, and that Weatherwax's continued disregard for these stalage rules constituted work-connected misconduct. *See Matter of Yaroch*, 333 N.W.2d 448 (S.D.1983). Weatherwax appealed to the Secretary of Labor who adopted the appeals referee's decision. Weatherwax, thereafter, failed to appeal this latter decision to the circuit court and continued to press his lawsuit for wrongful discharge.

Subsequent to discovery procedures in the lawsuit, Hiland filed a Motion for Summary Judgment based on five separate grounds. After a hearing and review of the briefs submitted, the trial court granted summary judgment in favor of Hiland. Although there were five separate grounds listed in the motion, none of which pertain to exhaustion of administrative remedies, the trial court did not detail its reasons for

---

* Weatherwax relies on *Osterkamp v. Alkota Mfg., Inc.,* 332 N.W.2d 275 (S.D.1983). We deem *Osterkamp* inapposite. There was no administrative agency involved in that case with the attendant rules to follow under the Administrative Procedures Act. There was simply no overlaying administrative proceeding in that wrongful discharge scenario, whereas in this case an administrative proceeding was first instituted and well underway before a wrongful discharge action was filed.

granting the summary judgment nor enter formal findings of fact and conclusions of law. *See* SDCL 15-6-52(a). It is from this order that Weatherwax now appeals.

Both parties, by their briefs, present one legal issue to be decided on appeal: Is a claimant who did not exhaust all remedies for unemployment compensation precluded from bringing an action against the same employer in circuit court for wrongful discharge from employment? We answer this issue in the affirmative and thereby affirm the circuit court. We bottom our decision on Weatherwax's failure to exhaust his administrative remedies, which is the singular issue as posed by the briefs. As detailed below, precedent supports the circuit court's decision. It is unusual that the singular issue presented by the briefs is not one of the five grounds listed in the motion. Nevertheless, the circuit court's decision is sustainable. In *Ruple v. Weinaug*, 328 N.W.2d 857, 859-60 (S.D.1983) (citations omitted), we stated: "In reviewing the trial court's order granting summary judgment, we premise our decision on the principle that affirmance of such a judgment is proper if there exists any basis which would support the trial court's ruling."

Weatherwax contends that because his termination did not comply with Hiland's disciplinary procedures, he had a separate and distinct cause of action for wrongful discharge in tort for damages, plus punitive damages, which could be pursued independently in circuit court before the completion of his unemployment benefits claim. With this contention, we disagree.

"[E]xhaustion of remedies is broadly stated as the withholding of judicial relief on a claim or dispute cognizable by an administrative body until the administrative process has run its course." *Gottschalk v. Hegg*, 89 S.D. 89, 92, 228 N.W.2d 640, 642 (1975). This doctrine permits the administrative agency to exercise its discretion, apply its expertise, and make a factual record upon which to base subsequent judicial review. *Delzer Constr. Co. v. United States*, 487 F.2d 908, 909 (8th Cir.1973).

In the present case, the dispute between Weatherwax and Hiland arose out of a single event or series of events, i.e., Weatherwax's termination and the events which preceded it. Thereafter, Weatherwax initially elected to pursue redress through administrative proceedings for unemployment benefits. Subsequently, however, Weatherwax sought to split his claim and pursue damages for wrongful discharge in circuit court before his administrative proceeding came to a complete and final resolve. This, Weatherwax cannot do.

In *Tombollo v. Dunn*, 342 N.W.2d 23 (S.D.1984), Tombollo's employment was terminated whereupon she filed a sexual discrimination charge with the South Dakota Division of Human Rights. Prior to a final Commission determination, however, Tombollo also filed an action seeking damages for wrongful discharge. The Commission then dismissed Tombollo's charges and Tombollo failed to appeal this determination. Thereafter, the trial court, on a motion treated as one for summary judgment, dismissed Tombollo's wrongful discharge action. We affirmed, holding "that prior to [the] Commission's final determination Tombollo was unable to bring an independent trial court action premised upon her alleged wrongful termination for sexual harassment. Tombollo's proper procedural channel would have been to appeal [the] Commission's determination." *Id.* at 25.

In the instant case, Weatherwax was also unable to bring an independent trial court action premised upon his alleged wrongful discharge. Having chosen an administrative avenue of redress, he was bound to follow it. Once the Secretary of Labor decided against Weatherwax's claim, his proper procedural channel would have been to appeal the Secretary's determination to the circuit court. SDCL 61-7-14; SDCL 1-26-30; SDCL 1-26-30.2. Having failed to do this, Weatherwax has failed to exhaust his administrative remedies.

Affirmed.

FOSHEIM, C.J., and MORGAN, J., concur.

WOLLMAN, J., and WUEST, Circuit Judge, Acting as Supreme Court Justice, concur in result.

WUEST, Acting Justice (concurring in result).

I concur in the result in the case at bar but for a different reason than stated in the majority opinion.

In my opinion, *Matter of Yaroch*, 333 N.W.2d 448 (S.D.1983), and *Tombollo v. Dunn*, 342 N.W.2d 23 (S.D.1984), do not apply to the instant action. In those cases, the plaintiffs had administrative remedies which they should have pursued to completion. In the case at bar, however, the appellant did not have an administrative remedy for wrongful discharge. He merely applied for unemployment compensation pursuant to a social program adopted in South Dakota in 1936 to ease the burden of unemployment and while it is true that a former employee cannot draw unemployment compensation if he has been discharged for cause, that is not a cause of action for wrongful discharge.

I would affirm upon the theory of issue preclusion, a branch of res judicata, which is explained in *Black Hills Jewelry Mfg. v. Felco Jewel Ind.*, 336 N.W.2d 153 (S.D. 1983). In *Gottschalk v. South Dakota State Real Estate*, 264 N.W.2d 905 (S.D. 1978), we recognized that, in a proper situation, the findings of an administrative agency may result in a determination that a subsequent claim is barred under the doctrines of res judicata or collateral estoppel. Various jurisdictions have held that adjudicatory administrative findings may be afforded res judicata effect, provided they meet certain procedural requirements. *See, e.g., United States v. Karlen*, 645 F.2d 635 (8th Cir.1981); *Bd. of Sup'rs, Carroll Cty. v. Chi. & N.W. Transp. Co.*, 260 N.W.2d 813 (Iowa 1977); *Strachan v. Mutual Aid & Neighborhood Club*, 81 Mich. App. 165, 265 N.W.2d 66 (1978); *McKee v. County of Ramsey*, 310 Minn. 192, 245 N.W.2d 460 (1976).

I am authorized to state that WOLLMAN, J., joins in this concurrence in result.