**BANK OF TORONTO, a Corporation, Plaintiff and Appellee,**

v.

**Leon L. LENGKEEK and Janelle R. Lengkeek, Defendants and Appellants,**

**and**

**David Dirksen, Cheri Dirksen and Doris C. Zwach, Defendants.**

**Leon L. LENGKEEK and Janelle R. Lengkeek, Plaintiffs and Appellants,**

v.

**Doris C. ZWACH and Bank of Toronto, a Corporation, Defendants and Appellees.**

**Nos. 15213, 15214.**

Supreme Court of South Dakota.

Argued Sept. 15, 1986.

Decided Dec. 23, 1986.

Richard J. Helsper of Mickelson, Erickson & Helsper, P.C., Brookings, for appellee Bank of Toronto.

T.F. Martin of McCann, Martin & McCann, P.C., Brookings, for appellants Lengkeeks; Chris Nerland of McCann, Martin & McCann, P.C., Brookings, on brief.

HENDERSON, Justice.

### PROCEDURAL HISTORY

This case constitutes the review of two appeals.

In #15213, *Bank of Toronto v. Leon L. Lengkeek, Janelle R. Lengkeek, David Dirksen, Cheri Dirksen, and Doris C. Zwach*, the Bank of Toronto (Bank), a state-chartered bank located in Toronto, Deuel County, South Dakota, filed a Complaint seeking a declaratory ruling on the parties' rights and obligations stemming from a Contract for Deed. After a bench trial, a Judgment was entered in favor of the Bank. From this Judgment, Leon and Janelle Lengkeek (Lengkeeks) now appeal.

In #15214, *Leon L. Lengkeek and Janelle R. Lengkeek v. Doris C. Zwach and Bank of Toronto*, the Lengkeeks filed a Complaint, prior to the trial court's decision in #15213, which sought, in the alternative, past-due installments, specific performance, and/or the remaining amount owed under various contracts. The Bank and Zwach answered and moved for summary judgment. After a hearing on the motion and after the rendition of the decision in #15213, the trial court granted the motion. From this Summary Judgment, the Lengkeeks also appeal. We affirm in part and remand for the modification of a Judgment consistent with our decision.

## FACTS

On November 19, 1980, the Lengkeeks and David and Cheri Dirksen (Dirksens) executed three Contracts for Deeds concerning three separate parcels of land located in Brookings County, South Dakota. One Contract for Deed sold 147 acres of farmland for $53,000. Another Contract for Deed sold a 22–acre building site for $41,000. And the third Contract for Deed concerned a one-acre residence, selling price of $70,000. On this same date, the parties also executed an Agreement. This Agreement was also denominated as "Exhibit B," and was attached to the farmland Contract for Deed. The farmland Contract for Deed stated: "EXHIBIT 'B' attached is incorporated herein as though fully set forth herein." Exhibit B, as relevant, provided:

The undersigned, LEON L. LENG-KEEK AND JANELLE R. LENGKEEK, hereinafter referred to as Sellers and DAVID DIRKSEN AND CHERI DIRK-SEN, hereinafter referred to as Buyers have this date executed three Contract for Deeds on the sale of approximately 23 [sic] acres in one tract, 147 acres in another tract and a reference to said contract for deeds is hereby made and by this reference the same are incorporated herein as though fully set forth herein.

The parties further agree that in the event that the Buyers resell said real estate described in said contract for deeds anytime prior to January 1, 1985, it shall not be necessary to prepay the unpaid principal before sale, but in the event that any part of said tracts is described on said three contract for deeds is sold anytime subsequent to January 1, 1985, the unpaid principal due and owing on all three tracts shall be due and payable at the request of the Sellers unless the Buyers agree to increase the interest rate on said contract for deeds to the maximum amount allowed by South Dakota law under the Usury Statute.

All of the above documents were constructed by the Lengkeeks' attorney and although executed on November 19, 1980, they were backdated to September 26, 1980.

On December 23, 1980, the Dirksens assigned the three Contracts for Deeds to the Bank for security purposes. Thereafter, and in April 1981, the Dirksens sold the farmland to Doris Zwach (Zwach), via a Contract for Deed for $100,000. The Lengkeeks were aware of the farmland sale and in August 1981, the Dirksens assigned the Dirksen-Zwach Contract for Deed to the Bank. The Lengkeeks accepted payments for the years 1981, 1982, and 1983.

In February 1984, the Dirksens quitclaimed the farmland, building site, and residence back to the Lengkeeks. Thereafter, the Lengkeeks refused to accept the farmland payment tendered on the March 1, 1984, due date. This refusal was premised on the Lengkeeks' belief that Exhibit B tied all three November 1981 Contracts for Deeds together, and their further belief

that if all of said contracts were not paid, then all three were delinquent and subject to foreclosure.

In late March 1984, the Lengkeeks served the Bank with a Notice of Intention to Cancel and Determine Contract for Deed. In April 1984, the Bank filed a Complaint which sought a declaratory judgment as to the parties' rights and obligations arising from the farmland Contract for Deed. A bench trial was conducted on November 30, 1984, with the trial court receiving the last post-trial brief on February 19, 1985.

In March 1985, while the declaratory judgment action was as yet undecided, the Lengkeeks started an action against Zwach and the Bank which sought, via the Dirksen-Zwach Contract for Deed, the past-due 1984 and 1985 payments, specific performance, and/or the total amount owed on the farmland. The Bank and Zwach answered and moved for summary judgment. A hearing was held on said motion in May 1985. Prior to the hearing, however, Zwach quitclaimed the farmland to the Bank.

On October 4, 1985, the trial court entered a Judgment in favor of the Bank, in the Bank's declaratory judgment action. In said Judgment, the trial court ordered the Lengkeeks to accept past and future tenders of payment. On this same date, the trial court entered a Summary Judgment for Zwach and the Bank, in the Lengkeeks' action for past-due payments, specific performance, etc. In said Summary Judgment, the trial court determined that the questions of fact and law therein pre-sented were the same ones involved in the Bank's declaratory judgment action; further, that the resolution of the issues in the Bank's case were dispositive of the Lengkeeks' action.

## DECISION

■ Various issues are raised by the parties, and prior to the presentation of oral arguments, it appeared the resolution of these appeals centered on issues concerning parol evidence and res judicata. However, at oral arguments, the Lengkeeks raised the fact that in January 1986, the Bank unilaterally quitclaimed the farmland back to them. Upon inquiring from the bench, both parties orally stipulated that this Court could consider these post-judgment facts. We conclude, via SDCL 15–26A–2 and the parties' oral stipulation, that we can suspend the requirements of SDCL 15–26A–47 and consider these new matters.[1] *Compare* SDCL 15–26A–56 and SDCL 15–26A–73. We further conclude that under the dictates of SDCL 21–9–7, the Bank exonerated itself from a specific performance suit by the Lengkeeks when it quitclaimed the farmland back to them.[2] The Summary Judgment awarded in # 15214 is therefore affirmed, although we do so for reasons other than those used by the trial court. *See Weatherwax v. Hiland Potato Chip Co.,* 372 N.W.2d 118, 119 (S.D. 1985); *Ruple v. Weinaug,* 328 N.W.2d 857, 859–60 (S.D.1983); *Cook v. Rezek,* 296 N.W.2d 731, 733 (S.D.1980); and *Uken v. Sloat,* 296 N.W.2d 540, 542 (S.D.1980). The Judgment awarded in # 15213 is also affirmed, but we remand for the entry of a judgment more consistent with our determinations. Thus, said judgment shall pro-

---

1. SDCL 15–26A–2 provides:

   In the interest of expediting decision in cases of pressing concern to the public or to litigants, or for other good cause shown, the Supreme Court, except as otherwise provided in § 15–26A–92, may suspend the requirement or provision of these rules on application of a party or on its own motion and may order proceedings in accordance with its direction. SDCL 15–26A–47 provides:

   The original pleadings, papers, offered exhibits, and the transcript of the proceedings, if any, shall constitute the record on appeal in all cases.

2. SDCL 21–9–7 provides:

   Whenever an obligation in respect to real property would be specifically enforced against a particular person, it may be in like manner enforced against any other person claiming under him by a title created subsequently to the obligation, except a purchaser or encumbrancer in good faith and for value, and except, also, that any such person may exonerate himself by conveying all his estate to the person entitled to enforce the obligation.

vide for the Bank to make the 1984 and 1985 payments to the Lengkeeks. Zwach (then in possession of the farmland) had made these payments to the Bank and when the Bank tendered payment to Lengkeeks, the Lengkeeks refused to accept them. The Bank shall therefore make the 1984 and 1985 payments to the Lengkeeks and any future right of action on the part of the Lengkeeks against the Bank shall be foreclosed.

Affirmed and remanded.

All the Justices concur.

FOSHEIM, Retired J., participating.

MILLER, J., not having been a member of the Court at the time this action was submitted to the Court, did not participate.