BANK OF TORONTO, a Corporation,
Plaintiff and Appellee,

v.

Leon L. LENGKEEK, Janelle R. Leng-
keek, David Dirksen, Cheri Dirksen
and Doris C. Zwach, Defendants and
Appellants.

Leon L. LENGKEEK and Janelle R.
Lengkeek, Plaintiffs and Appellants,

v.

Doris C. ZWACH, Defendant
and Appellee.

The BROOKINGS BANK, A
Corporation, Plaintiff and
Appellant,

v.

Leon L. LENGKEEK and Janelle R.
Lengkeek, Defendants and
Appellees.

Nos. 15786, 15802, 15932 and 16105.

Supreme Court of South Dakota.

Argued Aug. 30, 1988.

Decided Feb. 15, 1989.

T.F. Martin of MC Cann, Martin & MC Cann, Brookings, for Lengkeeks.

Richard J. Helsper of Erickson & Helsper, Brookings, for Bank of Toronto, Doris C. Zwach, and The Brookings Bank.

MILLER, Justice.

We have before us three cases which have been consolidated on appeal. The complexities of the facts and legal issues presented do not lend themselves to a concise and meaningful introductory paragraph. However, an understanding of the factual background in these cases is necessary in order to appreciate and properly analyze this "can of worms" which we must confront.

## FACTS

One of the cases was previously before us. In *Bank of Toronto v. Lengkeek*, 397 N.W.2d 662 (S.D.1986) (*Lengkeek I*), we affirmed a declaratory judgment and a summary judgment but remanded to the trial court with certain directions to make the declaratory judgment consistent with our holding.

The facts in *Lengkeek I*, which are crucial here, may be summarized as follows:

On November 19, 1980, Leon and Janelle Lengkeek (Lengkeeks), as sellers, and David and Cheri Dirksen (Dirksens), as buyers, executed three separate contracts for deed concerning tracts of land located in Brookings County, South Dakota. One contract for deed conveyed 147 acres of farmland. Another contract for deed conveyed a 22–acre building site. The third contract for deed concerned the sale of a residence. On the same date, the parties executed a separate agreement (denominated by them as "Exhibit B"), which provided in part that, should any part of any of the tracts be sold subsequent to January 1, 1985, the unpaid principal on all three tracts would be due and payable at the sellers' request unless the buyers agreed to increase the interest rate on the contracts to the maximum amount allowed by South Dakota law.

On December 23, 1980, Dirksens assigned all three contracts to the Bank of Toronto (Bank) for security purposes. Thereafter, in April of 1981, Dirksens, with Lengkeeks' knowledge, sold the farmland to Doris Zwach (Zwach) by contract for deed. Dirksens then assigned the Dirksen/Zwach contract to Bank in August 1981. Lengkeeks had accepted payments on the sale for 1981, 1982, and 1983.

In February 1984, Dirksens quitclaimed their right, title and interest in the farmland, building site, and residence back to Lengkeeks. Thereafter, Lengkeeks refused to accept the farmland payment under the Dirksen/Zwach contract, which was tendered on March 1, 1984. This refusal was based on Lengkeeks' belief that Exhibit B tied all three contracts for deed together and that, if all three contracts were not paid, then all three were delinquent and subject to foreclosure.

In late March 1984, Lengkeeks served Bank with a Notice of Intention to Cancel and Determine Contract for Deed. In April, Bank filed a complaint seeking a declaratory judgment as to the parties' rights and obligations arising under the farmland contract.

In March 1985, prior to a decision in the declaratory judgment action, Lengkeeks commenced an action against Zwach and Bank seeking (via the Dirksen/Zwach contract for deed, which had been assigned to Bank by Dirksens) the past due 1984 and 1985 payments, specific performance, and/or the total amount owed on the farmland. Bank and Zwach answered and moved for summary judgment. Prior to the hearing on the motion for summary judgment, Zwach quitclaimed her interest in the farmland to Bank.

In October 1985, the trial court entered two judgments. The first awarded a declaratory judgment in favor of Bank. The second granted a summary judgment in favor of Zwach and Bank, ordering Lengkeeks to accept past (1984 and 1985) and future tenders of payment. In January 1986, Bank unilaterally quitclaimed the farmland back to Lengkeeks. At this point, Lengkeeks have thus regained, via several quitclaim deeds, title to all of the property which they had initially sold on contract to Dirksens.

In *Lengkeek I*, we affirmed the trial court's holding (noting that Bank had exonerated itself from specific performance by quitclaiming the land back to Lengkeeks), but remanded to the circuit court to enter a judgment requiring that Bank make the 1984 and 1985 payments. We thus held, "any future right of action on the part of the Lengkeeks against the Bank shall be foreclosed." *Lengkeek I* at 665.

## APPEAL # 15786, # 15802—BANK OF TORONTO V. LENGKEEK, ET AL.

### PAYMENTS UNDER THE DIRKSEN/ZWACH CONTRACT

The Lengkeek/Dirksen contract provided for payments of $3,465 in 1984, and $3,380

in 1985. The Dirksen/Zwach contract provided for payment of $8,350 in 1984 and $8,125 in 1985. Lengkeeks contend that they should receive from Zwach the amount due under the Dirksen/Zwach contract ($8,350) because they (Lengkeeks) received a quitclaim deed on their property from Dirksen. Lengkeeks therefore refused a tender of payment from Bank (as assignee of the Dirksen/Zwach contract) for the amounts due under the Lengkeek/Dirksen contract ($3,465).

After Lengkeeks refused payment from Bank for the amount due under the Lengkeek/Dirksen contract, Lengkeeks returned the checks sent by Bank for the 1984 payment (one made by Bank for $3,465 payable to Lengkeeks; the other made by Zwach for $8,350 payable to Bank of Toronto and Leon Lengkeek, which Lengkeek was to endorse and return to Bank), stating that, because the three contracts for deed were consolidated into one contract by virtue of Exhibit B, full payment in the amount of $11,765 (the total amount payable on the property by Dirksens to Lengkeeks under the Lengkeek/Dirksen contract) was due and owing. A postscript to the letter accompanying the unendorsed checks, sent to Bank's attorney, Gordon Gunderson, by Lengkeeks' attorney, suggested that the Zwach check be placed in an interest-bearing account until the dispute was resolved. Bank, however, returned Zwach's check to her.*

Lengkeeks received no payments for 1984 and 1985. The dispute surrounding Lengkeeks' refusal of payment by Bank culminated in this court's remand of *Lengkeek I* to the circuit court to determine the amount of the payments to be made to Lengkeeks. On remand, the circuit court determined that Lengkeeks were entitled to $7,642 plus interest at the judgment rate. This is equivalent to the amount due under the original Lengkeek/Dirksen contract. Lengkeeks appeal, arguing that as assign-

ee of the Dirksen/Zwach contract they are entitled to $16,475 (the amount due under the Dirksen/Zwach contract).

Bank argues that the doctrines of res judicata and collateral estoppel preclude Lengkeeks from arguing that the trial court erred in concluding that Lengkeeks were entitled to receive only the amount due under the original Lengkeek/Dirksen contract. Bank also raises several issues in this appeal through its notice of review.

On remand of *Lengkeek I,* the circuit court heard testimony from Gordon Gunderson, counsel for Bank, regarding Bank's letter and tender of the two checks to Lengkeek in March of 1984. Gunderson wrote the letter to Lengkeeks, instructing them that the smaller check ($3,465) made payable to them represented Bank's payment on the Lengkeek/Dirksen contract and that the larger check ($8,350), which was made payable to Lengkeeks and Bank, was to be endorsed by them and returned to Bank. Lengkeeks' counsel objected several times during the course of Gunderson's testimony. The first objection was overruled, but the second objection, based on relevancy, materiality, and because the question called for a conclusion, led the court, after posing several questions to Gunderson, to strike Gunderson's testimony in its entirety. Bank contends that Gunderson's testimony is crucial to establishing that Bank never received or retained any money from Zwach in 1984, thus precluding Bank from receiving any benefit on the contract.

Second, Bank contends that the trial court erred in holding that Bank should make any payment to Lengkeeks. Bank's argument rests upon the fact that it did not retain Zwach's 1984 check, but instead returned such check to Zwach. Bank contends that the mere fact that it was the assignee under the Dirksen/Zwach contract does not personally bind it to make such payments on the Lengkeek/Dirksen

---

* Lengkeek would not endorse the $8,350 check because he thought that he alone was entitled to the money and thought that his endorsement would allow Bank alone to retain all of the funds. He instead returned the check to Bank and stated that the check should be placed in escrow. Bank argues it could not put the check in escrow because Lengkeek refused to endorse it. Thus, Bank simply returned the check to Zwach. As a result, Zwach paid nothing for the use of the land in 1984.

contract because Bank never retained or had use of any payments made to Bank by Zwach.

Bank's third issue relates to the circuit court's order that Bank make the 1985 land payment with interest at the judgment rate. Bank contends that it never received any payment from Zwach and that the circuit court, on remand of *Lengkeek I*, was not instructed to order payment of such interest. Bank argues that the circuit court thus failed to follow this court's instructions on remand, and that the circuit court's order regarding interest should be reversed.

Bank further argues that Lengkeeks' refusal to accept the 1984 payment under the Lengkeek/Dirksen contract negates any requirement that Bank pay interest on the balance due under the contract. Bank contends that its tender of payment to Lengkeeks, which Lengkeeks would not accept, releases it from any liability to pay interest from the date that Lengkeeks refused such tender.

## DECISION

■ We start with the basic premise that, absent an agreement to the contrary, a purchaser is free to transfer his rights under a contract for deed without the prior consent of the original vendor. *See* Powell on Real Property ¶ 938.21[5] (Rev.1987) (footnotes omitted). *See also Flack v. Laster*, 417 A.2d 393 (D.C.App.1980); *Beren Corp. v. Spader*, 198 Neb. 677, 255 N.W.2d 247 (1977); *Baliles v. Cities Service Co.*, 578 S.W.2d 621 (Tenn.1979); *Westfair Corp. v. Kuelz*, 90 Wis.2d 631, 280 N.W.2d 364 (Wis.App.1979). Here, Exhibit B, which was executed by Lengkeeks and Dirksens, provided no limitations upon any sale *prior* to January 1985. Dirksens sold the property to Zwach in April of 1981. Thus, the limitations of Exhibit B do not apply. Further, Lengkeeks, who complain that they will not receive the extra profit under the Dirksen/Zwach contract, are entitled only to the benefit of *their* bargain. They are not entitled to receive the added benefit of Dirksens' sale to Zwach, which benefit Dirksen assigned to Bank. Bank,

as assignee of the Dirksen/Zwach contract, is entitled to that amount which otherwise would have been payable to Dirksens. As will be discussed later, however, Bank also became liable for Dirksens' obligations under that contract.

■ We disagree with Bank on all issues raised in its notice of review. Bank's first issue relating to the trial court's striking of Gordon Gunderson's testimony, as well as several other issues, revolves around the issues of res judicata and collateral estoppel. As this court has stated on several occasions, res judicata precludes the relitigation of an issue actually litigated or which could have been properly raised and determined by a prior action. *See, e.g., Black Hills Jewelry Mfg. v. Felco Jewel Industries*, 336 N.W.2d 153 (S.D.1983); *Schell v. Walker*, 305 N.W.2d 920 (S.D. 1981); *Golden v. Oahe Enterprises Inc.*, 90 S.D. 263, 240 N.W.2d 102 (1976). On the other hand, collateral estoppel only prevents the relitigation of issues actually litigated and determined. *See, e.g., Staab v. Cameron*, 351 N.W.2d 463 (S.D.1984); *Cook v. Rezek*, 296 N.W.2d 731 (S.D.1980). This court, in *Lengkeek I*, ordered the circuit court to issue a judgment under which Bank was to make the 1984 and 1985 payments to Lengkeeks. *Lengkeek I* at 664–65. Bank now argues that it never received the 1984 and 1985 payments from Zwach. That issue should have been determined prior to the appeal in *Lengkeek I*, and Bank is now precluded by res judicata from raising that claim in this proceeding.

■ Bank's contention that it is not liable to Lengkeeks for any sums also fails. Dirksens assigned their rights and obligations under the Dirksen/Zwach contract to Bank. As a result, Bank was granted the right to receive payments under the Dirksen/Zwach contract. As a corollary result, Bank was also obligated to pay Lengkeeks under the Lengkeek/Dirksen contract regardless of whether Bank was ever paid by Zwach. "When an assignee expressly or implicitly agrees to assume the original purchase contract, he becomes liable on the contract directly to the vendor. The original purchaser in such a case

remains liable to the vendor, but is liable in a surety capacity and can take advantage of the normal suretyship defenses." Powell on Real Property ¶ 938.21[5] (Rev.1987) (footnotes omitted). *See also Lonas v. Metropolitan Mortgage & Securities Co.*, 432 P.2d 603 (Alaska 1967) *modified sub nom Wickwire v. City & Borough of Juneau*, 557 P.2d 783 (Alaska 1976); *Boswell v. Lyon*, 401 N.E.2d 735 (Ind.App.1980).

■ Lastly, Bank argues that the circuit court erred in its decision ordering Bank to make the 1985 land payment with interest at the judgment rate because Lengkeeks refused Bank's tender of payment in 1984. This argument is not persuasive. The question of whether Bank must make the 1985 payment was answered in the affirmative in *Lengkeek I* and Bank is therefore collaterally estopped from relitigating that issue. Bank's reliance on SDCL 20–5–18 to support its position that it need not pay interest on the 1985 payment is also misplaced. Under SDCL 20–5–18, an offer of payment to a creditor stops the running of interest on the obligation. Here, however, Bank never offered to make the 1985 payment. Interest thus has run since the time of such failure. Such failure has placed Bank in default on its obligation and the circuit court was correct in its decision that interest would accrue at the judgment rate.

### APPEAL # 15932—LENGKEEK V. ZWACH

This case was commenced in 1987 *after* this court's decision in *Lengkeek I*. Lengkeeks filed a complaint against Zwach seeking specific performance on the farmland contract or alternatively to obtain the installment payments due on that contract for 1984 through 1987. Lengkeeks also requested payment of the 1983 through 1986 real estate taxes. Zwach filed a motion for judgment on the pleadings or alternatively for summary judgment. After a hearing, the trial court granted Zwach's motion for judgment on the pleadings and dismissed Lengkeeks' lawsuit. The basis of the trial court's decision was that this case involved the same parties and issues

as the prior litigation and that Lengkeeks' action was barred by res judicata.

Lengkeeks subsequently made a motion for an offer of proof, which was denied. The offer of proof was the assignment to Lengkeeks of all of Dirksens' right, title and interest in the farmland.

Lengkeeks argue here that Zwach has never been sued for specific performance and that such action is thus not barred by res judicata. Lengkeeks also urge that the trial court erred in refusing their offer of proof of Dirksens' assignment of the Dirksen/Zwach contract to Lengkeeks. Lengkeeks assert that the assignment was relevant to the issue of whether Lengkeeks, as holder of all possible interests in the land, were the proper parties to seek specific performance from Zwach. Zwach argues that, as held by the trial court, Lengkeeks' attempt to sue for specific performance is barred by res judicata because the issue could and should have been raised and determined prior to the appeal in *Lengkeek I*.

Much of the confusion on this issue surrounds Lengkeeks' allegation that the complaint to the trial court in *Lengkeek I* was never accepted into the record, and that the issue thus could not be res judicata. Zwach contends that the complaint was served and that the complaint, as amended, never altered the relief sought by Lengkeeks in the action.

Zwach also asserts that Lengkeeks' claims against her are barred by the fact that she quitclaimed her interest in the property to Bank. Zwach argues that her quitclaim to Bank bars Lengkeeks from seeking specific performance against her because she then would hold the same position vis-a-vis Lengkeek as did Bank in *Lengkeek I*.

Thirdly, Zwach argues that the trial court was correct in denying Lengkeeks' offer of proof. She argues that the offer of proof should have been made at the time of trial or hearing rather than eight days later as was done in this case.

### DECISION

■ Lengkeeks' specific performance claim against Zwach is not precluded by res

judicata. Zwach quitclaimed her right, title and interest in the land to Bank, not to Lengkeeks. It was Bank that quitclaimed all of *its* right, title and interest (including that received by Zwach) to Lengkeeks.

As we have noted earlier herein, res judicata precludes the relitigation of an issue actually litigated or which could have been properly raised and determined by a prior action. The issue of specific performance arose in our review of the second cause of action in *Lengkeek I* (# 15214), *supra*, wherein Lengkeeks had sought past due payments, specific performance and/or the balance due under the various contracts against Bank and Zwach. Bank and Zwach had moved for summary judgment and *after* the trial court had rendered judgment on Bank's action for declaratory judgment, which included an order for Lengkeeks to accept past and future payments tendered under the Lengkeek/Dirksen contract (in # 15213), the motions for summary judgment in this cause of action were granted.

Our decision in *Lengkeek I* took into consideration an intervening event: Bank had quitclaimed its interest in the property to Lengkeeks. Based upon that circumstance, we applied the provisions of SDCL 21–9–7 to determine that *Bank* had exonerated itself. We then affirmed the summary judgment in *Lengkeek I*, although we did so for reasons other than those used by the trial court. We did not determine that Zwach was exonerated in any manner.

At the time that the original Lengkeek lawsuit was initiated, in March 1985, Lengkeeks were claiming to stand in the shoes of Dirksens by virtue of the quitclaim deed which Dirksens executed and recorded in February 1984. However, that position is untenable in view of Dirksens prior assignment of the Dirksen/Zwach contract to Bank. Until Bank quitclaimed the property to them in 1986, Lengkeeks had only a subordinate interest in the contract that they were seeking to enforce.

At the time of *Lengkeek I*, Zwach's legal position vis-a-vis Lengkeeks was not the same as Bank's. Zwach was the purchaser on a contract for deed with a liability to Bank only to the extent of Bank's security interest for which it had been assigned, and then to Lengkeeks as successors to Dirksens, the contract vendors. Lengkeeks were the owners of record of the farmland, subject only to the two contracts. Bank had no relationship to Lengkeeks except to make payments under the Lengkeek/Dirksen contract in order to forestall foreclosure.

SDCL 21–9–7 provides:

> Whenever an obligation in respect to real property would be specifically enforced against a particular person, it may be in like manner enforced against any other person claiming under him by a title created subsequently to the obligation, except a purchaser or encumbrancer in good faith and for value, and except, also, that any *such person* may exonerate himself by conveying all his estate to the person entitled to enforce the obligation. (Emphasis added.)

The term "such person" in the foregoing statute applies to subsequent purchasers or encumbrancers, such as Bank. It does not apply to the original obligor, such as Zwach. To read it otherwise would create chaos. Bank's quitclaim deed to Lengkeeks released its interest in the contract so that Lengkeeks, who then would stand in the shoes of Dirksens, could properly commence an action to enforce it against Zwach. Therefore, the trial court's judgment is reversed and remanded for further proceedings consistent herewith.

 We observe, however, that the circuit court did not abuse its discretion in denying Lengkeek's offer of proof. The admission of evidence is ordinarily within the sound discretion of the trial court, and its rulings will not be disturbed unless it clearly appears that such discretion has been abused. *See Matter of Estate of Gosmire*, 331 N.W.2d 562 (S.D.1983); *Kramer v. Sioux Transit Inc.*, 85 S.D. 232, 180 N.W.2d 468 (1970); *Hjermstad v. Petroleum Carriers*, 74 S.D. 406, 53 N.W.2d 839 (1952). In this case, given the fact that the offer of proof was tendered eight days after the trial court had entered its decision, we cannot conclude that the trial court acted unreasonably.

## APPEAL #16105—BROOKINGS BANK V. LENGKEEK

In this lawsuit, the Brookings Bank (parent bank of the Bank of Toronto) instituted a declaratory judgment action against Lengkeeks, requesting that the circuit court find that Lengkeeks were not entitled to enforce the judgment in *Lengkeek I* because Bank quitclaimed its interest in the property to Lengkeeks in January of 1986, thus satisfying the judgment. Bank also argues that its quitclaim of the land back to Lengkeeks constitutes an abandonment, relieving it of any obligation to pay on the contracts. Bank further contends that Lengkeeks' failure to request a money judgment against Bank in their pleadings and Lengkeeks' failure to litigate that issue at trial precludes them from seeking a money judgment at this time.

Bank also alleges that counsel for Lengkeeks committed a fraud upon the court because the amended judgment from *Lengkeek I*, prepared by Lengkeeks' attorney, contained a paragraph stating that Bank had use of the 1984 and 1985 payments. Bank objected to the amended judgment, stating that it returned the 1984 payment to Zwach when Lengkeeks refused Bank's tender of such payment and that no payment was tendered in 1985. The circuit court found no fraud and upheld the validity of the amended judgment.

Lengkeeks contend that they are entitled to a money judgment against Bank on the basis of SDCL 15–6–54(c) which states: "... every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings." Lengkeeks also allege that Bank's unilateral quitclaim of the land back to them does not exonerate Bank from paying for the land during the time that Bank had control of it, asserting that the issue is res judicata, under *Lengkeek I*, where this court found that Bank was obligated to make the 1984 and 1985 payments.

On the fraud issue, Lengkeeks contend that Bank failed to meet its burden for showing a fraud upon the court under SDCL 15–6–60 and that Bank's action is merely an attempt to avoid making payments during the time that it had control of the land.

## DECISION

■■■ Lengkeeks are entitled to a money judgment against Bank. As stated earlier, SDCL 15–6–54(c) provides in part that the prevailing party shall be granted the relief to which it is entitled, even if the party has not demanded such relief in its pleadings. Here, even though Lengkeeks may not have included a money judgment in their prayer for relief, they are nevertheless entitled to the same. *Tvedt v. Bork,* 414 N.W.2d 11 (S.D.1987); *State ex rel Meierhenry v. Spiegel, Inc.,* 277 N.W.2d 298 (S.D.1979) *appeal dismissed sub nom Spiegel Inc. v. South Dakota,* 444 U.S. 804, 100 S.Ct. 25, 62 L.Ed.2d 17 (1979). Under *Lengkeek I,* Bank is collaterally estopped from asserting that its 1986 quitclaim of the property back to Lengkeeks relieves it of any obligation to make the 1984 and 1985 payments.

■■■ We agree with the circuit court's holding that no facts existed to support Bank's allegation that a fraud was perpetrated upon the court at the time the amended judgment was entered. Bank's fraud claim is both tardy (two years lapsed between the signing of the amended judgment and the claim of fraud) and unsupported by a preponderance of the evidence. SDCL 15–6–60. We find, as did the circuit court, that the amended judgment, dated November 14, 1985, was intended to set forth the rate of interest and the total amount then due and owing under the Lengkeek/Dirksen contract as of November 12, 1985. The circuit court found that the amended judgment was in all other respects consistent with its earlier judgment dated October 4, 1985. Applying the doctrine of res judicata, and absent any finding of fraud, Bank is obligated to make the 1984 and 1985 payments to Lengkeeks, per our order in *Lengkeek I.*

Justice Sabers' dissent ignores the settled principle of res judicata. Also, it must be observed that if we made a "mistake" in *Lengkeek I,* concerning Bank's use of the

1984 and 1985 payments (which I do not necessarily concede), this appeal is *not* the proper forum to address it. The parties and counsel to *Lengkeek I* and this action are, and were, aware of the record in *Lengkeek I.* If our opinion there was, in reality, based upon an error of fact, it should have been presented to us by petition for rehearing rather than through a collateral attack in this subsequent action. SDCL 15–30–4.

Appeals # 15786, # 15802, and # 16105 are affirmed. Appeal # 15932 is reversed and remanded for further proceedings consistent herewith.

WUEST, C.J., and MORGAN and HENDERSON, JJ., concur.

SABERS, J., concurs in part and dissents in part.

SABERS, Justice (concurring in part and dissenting in part).

We made a mistake in *Lengkeek I.* It was an honest mistake. It was based on the fact that we believed the Bank had the *use* of the 1984 and 1985 payments. This was *not* the case because the Bank returned the payments to Zwach. This fact was not known to us because it was *not* contained in the prior settled record. Lengkeeks do not deny this fact. Instead, they admit it and urge it as new basis for liability against the Bank. This unknown fact caused our mistake and led to further mistakes by the trial court.

We should correct the mistake we made in *Lengkeek I* and eliminate the Bank's liability to Lengkeeks for the 1984 and 1985 payments. The Bank did not assume Zwach's obligations as contract for deed (CFD) buyer by having Zwach's CFD assigned to it for security purposes. Therefore, Zwach, and not the Bank, was liable to the Lengkeeks for the 1984 and 1985 payments. In addition, Lengkeeks are clearly entitled to pursue specific performance against Zwach because Zwach agreed in the CFD to buy the land and make the payments.

Therefore, in the interest of simple justice I would reverse both # 16105, (the sequel to *Lengkeek I*) and # 15932, (Leng-

keeks' specific performance claim against Zwach) and remand all cases for further proceedings consistent with this writing. This would make all of the issues raised in # 15786 and # 15802 moot. More importantly, it would correct our mistake, right substantial wrongs, and prevent further mistakes below.