**Reuben O. BEITELSPACHER and Ruth Beitelspacher, also known as Ruth Nelson Beitelspacher, Plaintiffs and Appellants,**

v.

**Elden L. WINTHER and Antoinette M. Winther, Defendants and Appellees.**

Nos. 17100, 17120.

Supreme Court of South Dakota.

Considered on Briefs Nov. 29, 1990.

Decided Feb. 27, 1991.

Carlyle E. Richards, P.C., Aberdeen, for plaintiffs and appellants.

Thomas M. Tobin of Tonner, Tobin & King, Aberdeen, for defendants and appellees.

WUEST, Justice.

Reuben and Ruth Beitelspacher appeal the final equitable adjustment of the circuit court entered on remand from *Beitelspacher v. Winther*, 447 N.W.2d 347 (S.D.1989). We affirm in part, reverse in part and remand.

On or about September 30, 1977, Reuben and Ruth Beitelspacher (sellers) signed a contract for deed with Elden and Antoinette Winther[1] (buyers) for the sale of sellers' farm. The buyers were unable to make a final balloon payment on the contract for deed due November 1, 1987. Sellers brought an action for strict foreclosure and trial was held in May 1988. After trial, the trial court entered an order which granted buyers thirty days in which to pay the balance of the purchase price and avoid foreclosure. If payment was not made, sellers were granted foreclosure and possession of the property upon the condition that they pay the buyer the sum of $35,-126.84 as an equitable adjustment. The sellers appealed to this court.

In September 1988, while their appeal was pending, the sellers made two motions to the trial court. One motion requested a reduction of the amount sellers were required to pay in order to regain possession of the farm. The buyers had not paid the balance of the purchase price for redemption, but had retained possession of the farm and all the 1988 rents and profits. The buyers had also failed to pay the real estate taxes on the property. Under these circumstances, the sellers proposed to deposit the sum of $35,126.84 diminished by the 1988 rents and profits retained by the buyers and the waste committed by the buyers. The trial court denied this motion on the ground it had no jurisdiction to grant such relief during the appeal process.

The second motion by sellers requested the trial court enter an order regarding the care and security of the property during the appeal process. This motion was prompted by the buyers' failure to maintain insurance on the property. The trial court determined that sellers were entitled to possession of the premises upon the posting of a *supersedeas bond* for $29,-226.69. This figure was arrived at by the trial court by subtracting from the original equitable adjustment the unpaid real estate taxes and the sellers' pro rata share of the rents and profits from the land.

The sellers posted a bond and took possession of the property on July 31, 1989. The buyers then moved the trial court for an order granting buyers all 1989 growing crop and proceeds. In August 1989, the trial court directed that all 1989 crop proceeds be held in the names of both parties pending the outcome of sellers' appeal to this court.

On October 18, 1989, this court handed down its opinion of the sellers' appeal from the judgment for foreclosure. *See Beitelspacher v. Winther*, 447 N.W.2d 347 (S.D. 1989). Under our holding, the sum required to be paid by the sellers as a condition of foreclosure was reduced to $19,-878.84.

In December 1989, the sellers tendered the sum of $19,878.84 plus interest from the date of filing the judgment of foreclosure, July 11, 1988, and moved the court for a final equitable adjustment. The sellers requested the equitable adjustment figure be diminished by the unpaid real estate taxes assessed against the premises and the sum of the rents and profits accruing to the buyers during 1988 and 1989. If such an offset were permitted, sellers would not be required to pay the buyers any sum under the judgment as modified by this court in the first appeal. The premise of the sellers' motion was that, if sellers must pay interest on the equitable adjustment from the date judgment of fore-

---

1. Elden and Antoinette were divorced on February 2, 1988. The divorce decree directed Antoinette to deed her interest in the real property, subject to the contract for deed, to Elden, who assumed all indebtedness related to the property.

closure was entered and all real estate taxes accrued during that time, then sellers should be credited with the rents and profits of the property during the same period.

After argument by counsel, the trial court held that sellers should be credited for paying the real estate taxes on the property and receive a pro rata portion of the 1989 rents and profits from the date sellers took possession of the property, July 31, 1989. Sellers again appeal and argue they should be credited all rents and profits from the property during the appeal process. Buyers argue, by notice of review, (1) our decision in *Beitelspacher*, 447 N.W.2d 347 was a final adjudication and the trial court could only enter judgment according to our holding, (2) if the trial court had jurisdiction to make equitable adjustments after appeal, a hearing on all equitable considerations (e.g. land value) was necessary, and (3) sellers waived or are estopped from asserting rights to possessory interests in the property by reason of their choosing not to post a bond.

The Order of Remand to the trial court from the first appeal stated in part: "this cause be and it is hereby remanded to [the] Circuit Court for further proceedings according to law and the decision of this Court." The circuit court concluded this order did not foreclose further equitable adjustments between the parties arising by reason of events occurring since the original judgment of foreclosure. We agree. Buyers' failure to pay the real estate taxes assessed against the property during the time they were in possession constitutes waste. *See* 78 Am.Jur.2d, *Waste* §§ 1, 15. An equitable adjustment credit to the sellers in the amount of the unpaid property taxes is therefore appropriate.

We believe the court did err in pro rating the value of the 1989 crops between the parties as of July 31, 1989 (the date sellers posted bond and took possession of the property). The trial court should have adjusted the equities from the date of judgment in the circuit court. The value of the real estate may not be reconsidered after entry of judgment in the circuit court because the real estate values were litigated in the original action. We cannot continue to balance the equities of the parties in perpetuity. "[P]ublic policy is best served when litigation has a repose." *Black Hills Jewelry Mfg. v. Felco Jewelry Indus., Inc.*, 336 N.W.2d 153, 157 (S.D.1983).

We hold only those matters which arose after judgment in the trial court may now be equitably adjusted, including taxes, insurance, interest, waste, rents and profits. Equitable adjustments need not be precise, but we must be satisfied they are equitable. *See Dow v. Noble*, 380 N.W.2d 359, 361 (S.D.1986).

We remand to the circuit court to make an equitable adjustment in accordance with this decision. Affirmed in part, reversed in part and remanded.

HENDERSON, J., and MORGAN, Retired J., concur.

MILLER, C.J., and SABERS, J., concur specially.

HERTZ, Circuit Judge, acting as a Supreme Court Justice, not having been a member of the court at the time this case was considered, did not participate.

SABERS, Justice (specially concurring).

I agree that the trial court "should have adjusted the equities from the date of judgment in the circuit court" and that all adjustments must flow from that date. The relevant date is the date the seller recovers the property. In this case, that date is July 11, 1988. Sellers are clearly entitled to all profits from that date because they are no longer entitled to receive any payments on principal or interest from buyers after that date. *See* dissent of Justice Sabers in *Beitelspacher v. Winther*, 447 N.W.2d at 355–56, joined by Justice Miller.

MILLER, C.J., joins this special writing.